In the Matter of the Accounting of CLINTON T. ROE et al., as Executors of THOMAS LAWRENCE, Deceased.
JANE LAWRENCE et al., Appellants; BENJAMIN R. DEMAREST et al., Respondents.

Will — testamentary trusts — provision of will creating trusts for the lifetime of certain beneficiaries and directing that upon the death thereof the principal of the trust be divided among a sister, nephews and nieces and the issue of deceased nephews and nieces who died before the beneficiary of the trust — will construed and held that under the trust provision the remainder must be divided per stirpes and not per capita.

Testator created trust funds for the use of certain beneficiaries during life; the principal of each trust to be divided, upon the death of the beneficiary, among " my sisters, nephews and nieces, and the

·issue of my nephews and nieces dying prior to the death of * * * (naming the beneficiary) share and share alike." Between the making of the will and the death of the testator the beneficiary of one of these trusts died. Thereafter testator died survived by a sister, by a nephew and three nieces and by five grandnephews and grandnieces, children of a deceased niece. The courts below have upheld a division *per capita*. So far as the class is made up of sisters, nephews and nieces that division is correct. Issue of deceased nephews and nieces stand, however, on a different plane. The effect of the language used is the same as if the will provided that the gift at the end of the life estate should be to " my sisters, nephews and nieces and, if any nephews or nieces die before the death of my niece * * *, to their issue share and share alike." The issue take *per stirpes*.

*Matter of Lawrence*, 209 App. Div. 910, reversed.

(Argued February 18, 1924; decided May 13, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 27, 1923, which unanimously affirmed a decree of the Queens County Surrogate's Court settling the accounts of executors and decreeing distribution of the estate of Thomas Lawrence, deceased.

*Thomas B. Gilchrist* for Jane Lawrence et al., appellants. The funds bequeathed in trust for the benefit of May J. Lawrence should be distributed among the sister, nieces and nephew and issue of deceased niece of the testator *per stirpes* and not *per capita*. (*Matter of Durant*, 231 N. Y. 41; *Matter of Union Trust Co.*, 170 App. Div. 176; 219 N. Y. 537; *Matter of Keogh*, 112 App. Div. 414; *Ferrer* v. *Pyne*, 81 N. Y. 281; *Vincent* v. *Newhouse*, 83 N. Y. 505.)

*Thomas Gagan* for Hattie Hull, appellant. The testator did not die intestate as to any portion of his estate. (*Matter of Goldmark*, 186 App. Div. 447; *U. S. Trust Co.* v. *Hogencamp*, 191 N. Y. 281; *Downing* v. *Marshall*, 23 N. Y. 366; *Matter of Bartlett*, 115 Misc. Rep. 582; *Matter of Grinnell*, 115 Misc. Rep. 722.) Frank Rose is not entitled to take as the issue of a niece of the testator

nor is Roland Demarest entitled to take as one of the issue of the testator's niece. (*Pimel* v. *Betjemann*, 183 N. Y. 194; *Matter of Turner*, 208 N. Y. 261.) The testator intended a *per capita* distribution among his sisters, nephew and nieces, and a stirpital distribution among the issue of a nephew or niece dying prior to May J. Lawrence. (*Petry* v. *Petry*, 186 App. Div. 738; 227 N. Y. 621; *Matter of Farmers' L. & T. Co.*, 213 N. Y. 168; *Matter of Union Trust Co.*, 170 App. Div. 176; 219 N. Y. 537; *Matter of Durant*, 231 N. Y. 41; *Ferrer* v. *Pyne*, 81 N. Y. 281; *Vincent* v. *Newhouse*, 83 N. Y. 505; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Bodine* v. *Brown*, 12 App. Div. 335; 154 N. Y. 778.) The gift of the principal of what would have been the trusts for the benefit of May J. Lawrence, had she survived the testator, given to Elizabeth J. Roe, testator's sister, did not lapse. (*Pimel* v. *Betjemann*, 183 N. Y. 194; *U. S. Trust Co.* v. *Hogencamp*, 191 N. Y. 261; *Downing* v. *Marshall*, 23 N. Y. 266; *Matter of Durant*, 231 N. Y. 41.)

*Arthur T. O'Leary, Joseph F. McCloy, John F. Connolly* and *Stanley C. Fowler* for Benjamin R. Demarest et al., respondents. The courts below did not err in directing a *per capita* distribution. (*Matter of Union Trust Co.*, 170 App. Div. 176; *Matter of Durant*, 231 N. Y. 41; *Matter of Westchester Trust Co.*, 173 App. Div. 403; 219 N. Y. 638; *Matter of Pulis*, 220 N. Y. 196; *Matter of Crane*, 164 N. Y. 71; *Crozier* v. *Bray*, 39 Hun, 121; 120 N. Y. 366; *Downing* v. *Marshall*, 23 N. Y. 366; *U. S. Trust Co.* v. *Hogencamp*, 191 N. Y. 281; *Matter of Keogh*, 112 App. Div. 414; *Ferrer* v. *Pyne*, 81 N. Y. 281.) There is no intestacy. (*Matter of Grinnell*, 115 Misc. Rep. 722; *Matter of Bartlett*, 115 Misc. Rep. 582; *Downing* v. *Marshall*, 23 N. Y. 366; *U. S. Trust Co.* v. *Hogencamp*, 191 N. Y. 281; *Matter of Fordham*, 235 N. Y. 384; *Matter of Hoffman*, 201 N. Y. 247.)

*Fred W. Penny* for Frank Rose, respondent.

1924.]  Opinion, per CARDOZO, J.  [238 N. Y. 116]

CARDOZO, J.  The proceeding is one for the settlement of executors' accounts and the construction of a will.

The testator, Thomas Lawrence, died in April, 1919, leaving a will made in August, 1911.

By this will he gives $500 to his sister Elizabeth, and other legacies of small amounts which there is no occasion to enumerate.

He creates a trust fund of $3,000 for the use of his sister Jane during her life.  On her death the principal is to be divided among " my sisters, nephews and nieces, and the issue of my nephews and nieces dying prior to the death of my sister, Jane Lawrence, share and share alike.".

He creates a trust fund of $10,000 for the use of his niece, May J. Lawrence.  On her death the principal is to be divided among " my sisters, nephews and nieces and the issue of my nephews and nieces dying prior to the death of my niece May J. Lawrence, share and share alike."

He gives his residuary estate upon separate trusts for the benefit during their respective lives of his nephew, George B. Lawrence, his niece May J. Lawrence, and his niece Clarabelle Burling, and on the death of any of them " the share or portion of which he or she had the income is to be divided among my sisters, nephews and nieces and the issue of my nephews and nieces dying prior to said George B. Lawrence, May J. Lawrence and Clarabelle Burling, share and share alike."

Between the making of the will and the death of the testator, May J. Lawrence died without issue.  Her death makes it necessary to distribute both the $10,000 trust fund and also the third of the residuary estate that was to be held for her benefit during life.  The testator was survived by his sister, Jane; by a nephew and a niece, George B. Lawrence and Clarabelle Burling, children of his brother George; by two nieces, children of his sister Elizabeth; and by five grandnephews and grandnieces, children of a deceased niece, Phœbe Demarest.  The

question is whether he meant that grandnephews and grandnieces, children of deceased nephews and nieces, should share *per capita* with his sister and with nephews and nieces who survived, or on the other hand should share *per stirpes* as the representatives of their parents. The courts below have upheld a division *per capita*. Undoubtedly that division is proper in so far as the class is made up of sisters, nephews and nieces. The will puts these on an equality. Issue of deceased nephews and nieces stand, however, on a different plane. We find more than a " faint glimpse " of an intention (*Matter of Durant,* 231 N. Y. 41, 50) that for them the division is to be *per stirpes*.

The important gifts in this will are three: the trust for the sister, Jane: the trust for the niece, May; and the trust affecting the residue of the estate. In respect of all three the significant thing is that the issue of nephews and nieces are not to take unless their parents have died before the termination of the life estate upon which the remainder is dependent. In that event, and in that only, they are to be included upon distribution in the ascertainment of the class. The inference seems inevitable that they were thought of as the parents' representatives, succeeding either by representation or by substitution to the enjoyment of the parents' share. Such a scheme of distribution is inconsistent with a gift *per capita*. If the gift is to the issue with directions to divide *per capita*, those in different degrees of consanguinity, nephews and grandnephews, nieces and grandnieces take concurrently as well as equally (*Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168, 173). The issue, in that view, are not excluded though the parents are still in being (*Soper* v. *Brown*, 136 N. Y. 244, 250; *Matter of Farmers' Loan & Trust Co., supra*). If they take only by representation, the division is presumably *per stirpes* (Cf. *Ferrer* v. *Pyne*, 81 N. Y. 281; *Vincent* v. *Newhouse*, 83 N. Y. 505; *Matter of Farmers' Loan & Trust Co., supra*). The testator's

meaning is brought out into clear relief if we drop the participial clause, and put in its stead a clause framed as a condition. The gift at the end of the life estate will then be to " my sisters, nephews and nieces and, if any nephews or nieces die before the death of my niece May J. Lawrence, to their issue, share and share alike." This is the exact equivalent of the words used by the testator, and yet it puts beyond the realm of doubt the representative quality of the gift to those who thus succeed. In such circumstances, we are not controlled by the direction for division "share and share alike." The direction is satisfied by a division equal between stocks (*Matter of Farmers' Loan & Trust Co., supra,* at p. 174; *N. Y. Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93, 109).

We find no merit in the argument that as to a third of the residuary estate the testator died intestate. The gift of the remainder was not defeated by the death of the beneficiary of the life estate before the will became effective (*Matter of Fordham,* 235 N. Y. 384).

We are not at liberty to determine whether the decree is correct in the exclusion of Frank Rose, the child of a niece who died in 1898. He has taken no appeal (*Matter of Horner,* 237 N. Y. 494).

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed with costs to the appellants in all courts payable out of the estate, and the matter remitted to the Surrogate's Court for the entry of a decree in accordance with this opinion.

HISCOCK, Ch. J., CRANE, ANDREWS and LEHMAN, JJ., concur; POUND and McLAUGHLIN, JJ., dissent.

Ordered accordingly.