In the Matter of the Estate of FREDERICK H. C. WILKENING, Deceased.

Surrogate's Court, Bronx County, June 17, 1930.

<span style="background:black"> </span>

*Louis J. Schwartz,* for the petitioner.

*Gibboney, Johnston & Flynn,* for the respondent.

HENDERSON, S.   This is a proceeding commenced by Frederick J. Wilkening against his wife, Frieda Wilkening, for an accounting, and for her removal as trustee.   The respondent urges that as to the income which had come into her possession under the will there is no trust.   This issue necessarily involves a construction of the will of the decedent who died in 1925.

For many years prior to the death of the decedent, the petitioner, the respondent and their minor children lived with him.   Under the will the petitioner and the respondent received the house in which they had been living with the testator as tenants by the entirety. They continued to live together until March, 1930, when they separated.   The respondent and the children remained in the house.   The question of construction so far as this proceeding is concerned arises from the language used in paragraph " Twelfth " of the will which must be read in connection with paragraph " Seventh."   They read as follows:

" *Seventh.* All the rest, residue and remainder of my property and estate, as well real as personal and wheresoever situated, which at the time of my death shall belong to me or be subject to my disposal by will, I give, devise and bequeath to my trustees hereinafter named in trust, nevertheless for the following trusts and purposes: To invest the same and to keep the same invested and to receive the rents, issues, income and profits therefrom and after defraying all taxes and other lawful charges upon the same, to pay the net income thereof to the use of each of my three children, Conrad, Flora and Frederick, equally until one of them shall have died.   If my son, Conrad shall predecease both my other children, then and in that event, upon his death, I direct my executors to divide the estate so held in trust into two equal parts and pay one part to my son, Frederick and the other part to my daughter, Flora. If however, my son Fred or my daughter Flora predecease my son Conrad, then and in that event, I direct my trustees to continue to keep invested the trust estate and to receive the rents, issues, income and profits therefrom, and after defraying all taxes and other lawful charges upon the same to pay the income thereof until the death of my son, Conrad as follows: One-third to my said son Conrad; one-third to the survivor of my other two children and the remaining third to the next of kin of such deceased child.   Upon the death of my son, Conrad, I direct my trustees to divide the

said estate so held in trust into two parts and pay one part thereof, if my son, Frederick shall then be living to him, if my daughter Flora, be then living to her, and if both, Flora and Fred shall be dead, at that time, then one part to the children of Flora and the other part to the children of Fred to be distributed amongst their said respective children share and share alike."

" *Twelfth*. I believe that my son Frederick Wilkening, Jr., is weak willed and I am fearful that he may be induced to relinquish his legacy hereunder by undue influences, therefore it is my will that such income, *not principal*, as he may be entitled to receive from my residuary estate, shall not go to any assignee thereof, or creditor of my said son, Frederick and instead of being paid to him be paid to his wife, Frieda, for his support, during the life of said trust; the principal of such trust fund in the trust estate shall likewise be not paid to any assignee thereof nor to any creditor, but to his wife in trust for him for life, but I direct that in the event, or in case that my said son, shall after the principal of trust fund becomes payable, become free and discharged of all his debts, judgments or claims against him, and shall not have assigned, or alienated, his interest therein, then and in that case, the said Frieda Wilkening, shall on request of my son, and without unnecessary delay, deed, transfer and deliver and pay over unto my said son, all my estate so entrusted and remaining in her hands and the same shall be received by my said son, and thereafter become his absolute property and the trusteeship of said Frieda Wilkening shall thereupon cease."

The testator nominated Henry H. Grote and George D. Ricker as his executors and trustees in paragraph " Eleventh."

A reading of the will shows clearly that the testator had great confidence in his daughter-in-law, and had little confidence in his son. He gave his dwelling to Frederick, the petitioner, and Frieda, his daughter-in-law, as tenants by the entirety, and he further evidenced his trust and confidence in her by the restriction he placed upon the power of sale which he gave to his executors and trustees in paragraph " Eleventh " by requiring them to obtain Frieda's written consent to such sale. He desired to prevent any part of the income provided for his son Frederick from being reached by a creditor or an assignee.

The trust of the residuary estate created in paragraph " Seventh " directs the application of the income to the use of the beneficiaries, and their rights thereto cannot be assigned. (Pers. Prop. Law, § 15, as amd. by Laws of 1911, chap. 327; Real Prop. Law, § 103; *Matter of Ungrich*, 201 N. Y. 415.) The intention of the testator to prevent assignees of his son from receiving his prop-

erty is, therefore, given effect thereby. Creditors, however, might successfully reach such income in excess of the sum necessary for Frederick's support, there being no valid direction for accumulation. (Real Prop. Law, § 98; *Matter of Flint*, 118 Misc. 354; *Brearley School* v. *Ward*, 201 N. Y. 358.) To make Frieda a trustee of the income for the use of Frederick would no more prevent creditors from reaching any surplus income than the trust already created in paragraph " Seventh." Such a construction would render futile his attempt to prevent creditors from reaching any part of the income. It would only result in a change of trustees. Frieda would merely receive Frederick's income from the trustees named in paragraph " Eleventh " and pass it on to Frederick. There is no logical reason for such a trustee. That the testator intended to create such a trust is untenable.

The testator is presumed to know the law (*Matter of Hoagland*, 125 Misc. 376, 379), and that he actually knew the legal effect of the trust created in paragraph " Seventh" is evidenced by the explicit language he used in paragraph " Twelfth." With regard to the income, the testator refers to his fear that Frederick may relinquish his legacy by undue influence and his desire that no assignee or creditor shall receive any of it, and provides that it be paid to " Frieda, for his support, during the life of said trust." The words " said trust " refer to the trust created in paragraph " Seventh." He then goes on to say: " the principal of such trust fund in the trust estate " is to be paid " to his wife in trust for him for life." Here again the testator carefully chooses different legal terms to express his intention that, after the residuary trust has terminated as provided in paragraph " Seventh," Frederick's share of the principal thereof shall be held in a new trust of which Frieda shall be the trustee. He then provides the conditions under which this trusteeship of the principal shall cease. The testator relied upon Frieda to use the income which she receives from the trustees for the support of Frederick and of those for whose support he is legally responsible. (*Wetmore* v. *Wetmore*, 149 N. Y. 520.)

Effect must be given to the lawful intent of the testator as ascertained from the language he has selected throughout the entire will, and not from detached portions alone. (*Livingston* v. *Ward*, 247 N. Y. 97, 106; *Matter of Bump*, 234 id. 60, 63; *Matter of Title G. & T. Co.*, 195 id. 339, 344.)

The phrase " for his support" is precatory, and with regard to so much of the will as is now in question, I hold that the trustees are directed to pay one-third of the income to Frieda, the wife of Frederick, without any legal restriction.

Petition dismissed. Settle decision and decree accordingly