In the Matter of the Estate of RICHARD JOHN BELL, Deceased.

Surrogate's Court, Kings County, November 2, 1931.

*Brower, Brower & Brower* [*Andrew H. A. Thompson* of counsel], for the petitioners.

*James E. Bennett,* for Neil McIntyre.

WINGATE, S. Three questions of testamentary construction are submitted by the executors in their final accounting herein. The first relates to two trust legacies of $5,000 each, the first of which, so far as material, reads as follows:

" *Twenty-sixth.* I give the Kings County Trust Company Five Thousand ($5,000) Dollars, in trust, to pay the income to the Cranigill Methodist Church, Annaghmore, Portadown, Ireland, for the minister's salary."

A second similar provision is contained in the 27th item of the will, and is identical in wording except that the church referred to is Cuckle Hill Presbyterian Church, Loughgall, County Armagh, Ireland.

It appears from the petition that neither of the named churches is incorporated, and the question is presented as to whether there is a resulting invalidity of the gifts attempted to be made.

In spite of the liberalization of the rules of law respecting charitable trusts, resulting from the amendments to section 12 of the Personal Property Law,* binding adjudications still determine that gifts to unincorporated societies are not, in the ordinary course, and by direct enforcement, capable of validization.

This general rule was fully reviewed and discussed by this court in *Matter of Patterson* (139 Misc. 872). (See, also, the illuminating discussion of Surrogate SLATER in *Matter of Winburn,* 139 Misc. 5.)

As in all questions of testamentary construction, the primary question here presented concerns the intent of the testator in the two testamentary directions under consideration.

It is, of course, elementary that in any such proceeding the aim of the court is to ascertain the testator's actual intention, and if, and when, discovered, it will be paramount. (*Matter of Weissman,* 137 Misc. 113, 114; affd., 232 App. Div. 698; *Matter of Kelly,* 134 Misc. 399, 401; *Matter of Kirkman,* Id. 527, 528; *Matter of Farkouh,* Id. 285, 286; *Matter of Halbert,* 141 id. 181, 182.) It is furthermore unquestionable that where testator's intention is clear, the court is justified in transposing phrases or clauses in the will for the purpose of giving effect thereto. (*Matter of Storey,* 134 Misc. 791, 799, and cases cited.)

Finally, the court will, if possible, adopt that one of two possible interpretations which will give validity to the testamentary direction,

---

* Subd. 1, by Laws of 1926, chap. 622, and Laws of 1927, chap. 239; subd. 2, by Laws of 1931, chap. 562; subd. 4, by Laws of 1911, chap. 220.— [REP.

rather than one which would make it invalid. (*Matter of Rossiter*, 134 Misc. 837, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Quinby*, 134 Misc. 296, 299; *Matter of Storey*, Id. 791, 796.)

Turning now to the items in question, it is apparent that the trustee upon whom the usual trust duties devolve is, under the terms of the will, the Kings County Trust Company, and whereas the direction is that the income be paid to the particular church named, the object of this payment is expressly stated to be " for the minister's salary." In other words, the phraseology employed would seem to indicate the creation of two successive trustees, namely, in the trust company and in the church. Whereas, however, the duties of the trust company are the usual express duties, the only possible duty of the church is the bare naked one of receiving the income from the trust company and immediately turning it over to the actual beneficiary of the trust, who is the minister of such church for the time being. As thus analyzed, it must be obvious that the second trust comes within the inhibition of section 93 of the Real Property Law, which is equally applicable to trusts of personal property (*Matter of De Rycke*, 99 App. Div. 596), and that, as a result, the church cannot take any interest as trustee or otherwise in the subject-matter of the gift, namely, the income, and that it vests directly in the specified individual. Obviously, under section 12 of the Personal Property Law as construed, a trust for the benefit of the minister of a particular church is a valid charitable trust. (*Matter of Kelley*, 138 Misc. 190, and cases cited.)

The same result would be attained by a slight transposition of the words used in the bequest, making them read " to pay the income for the minister's salary of the " particular church.

Whereas, the method of validating the legacy which is first above suggested is preferred, it is not at all clear that even were it necessary to construe the gift of income as one to an unincorporated association, this might not be upheld in itself. (*Van De Bogert* v. *Reformed Dutch Church of Poughkeepsie*, 219 App. Div. 220; 37 Yale Law Journal, 258, and cases cited.)

It is, therefore, determined that the trusts erected in the 26th and 27th paragraphs of this will are valid, and that it is the duty of the trustee to hold the respective sums in trust, and to pay over the income, at least annually, to the ministers for the time being of the respective churches.

The next item of the will upon which construction is prayed reads:

" *Thirty-fourth.* I give Walter Collins One Thousand ($1,000) Dollars, and request that he use the same for the support of the Blind Scotch Evangelist."

The difficulty here is that Walter Collins predeceased the testator. The question is whether the legacy lapsed.

It must be obvious on the authorities that the phraseology adopted in this item was merely precatory and that complete beneficial ownership of the subject-matter of the bequest would have vested in Walter Collins had he survived the testator. (*Matter of Wilkening*, 137 Misc. 451; *Matter of Abbe*, per O'BRIEN, S., 138 id. 210; *Matter of Reilly*, 139 id. 732; *Keefe* v. *Keefe*, 134 id. 705; *Matter of Buckley*, 135 id. 156; *Matter of Turner*, Id. 223; *Matter of Judge*, 141 id. 254, 255, 256.)

Under the circumstances, it requires no citation of authorities to demonstrate that upon the predecease of Walter Collins the legacy in question lapsed.

The final question relates to a legacy in the 4th item of the will to this same Walter Collins of testator's " graflex camera."

By the 23d item of the will testator gave all of his " other personal effects " to Andrew H. Thompson and Ernest F. Mints. The question is as to whether, in view of Walter Collins' predecease, this camera passed to Thompson and Mints. It is primary that, where possible, all of testator's words will be given effect. The bequest of " all * * * other " personal effects to Thompson and Mints obviously must be construed in relation to the other provisions of the will. The fact that he especially directed the gift of the camera to Collins and gave " all * * * other " personal effects to Thompson and Mints indicated an active intention on his part that the articles passing to Thompson and Mints should not include the camera. Any other construction would, in effect, delete the word " other " from the will, which is, under ordinary circumstances, not permissible. It must be determined, therefore, that the camera did not pass to Thompson and Mints, but passed either under a general residuary clause, if any, or as intestate property.

Proceed accordingly.