In the Matter of the Estate of DOLORES DE BETANCOURT Y AGRA-MONTE, Deceased.

Surrogate's Court, New York County, December 3, 1931.

*Lord, Day & Lord,* for the temporary administrator.

*Harry L. Toplitt,* for the petitioner.

*Atwater & Clarke,* for the plaintiff.

*Meighan & Necarsulmer* [*Allen Evarts Foster* of counsel], for Francisco Agramonte Vda de Morales.

FOLEY, S. The report of the referee will be confirmed. His conclusion that the decedent was at the time of her death a resident of Camaguey, Cuba, and was domiciled there is amply sustained by the proofs both oral and documentary. The learned referee in his opinion has applied the rules for the ascertainment of domicile as laid down in the leading case in New York (*Matter of Newcomb,* 192 N. Y. 238) to the facts of this proceeding. He has found the neces-

sary union of intent and residence in her actions and declarations to sustain a finding of a change of domicile from New York county to her birthplace in Cuba. Her abandonment of her domicile here is particularly emphasized by her written declarations contained in formal documents executed by her in the later years of her life and by her letters in evidence. In the formal documents she expressly stated that she was a resident of Camaguey. " While acts speak louder than words, the words are to be heard for what they are worth." (*Matter of Newcomb, supra.*) But even beyond the importance of conduct and oral statements as tests of domicile are the written declarations of a decedent. They are not subject to the hazards of the memory of witnesses. Written declarations of domicile are usually accepted as more reliable than oral ones. (*Dupuy* v. *Wurtz*, 53 N. Y. 556, 562.) It is also significant that the decedent surrendered her apartment in New York city and resided continuously for two years and eight months in Cuba to the day of her death. While the burden of proving a change from a domicile once established is upon the party who asserts it, less evidence is required in cases of this kind, where a person returns to his or her native land. (*Matter of Robitaille*, 78 Misc. 108; *Matter of Lachenmeyer*, 144 id. 678.) In *Matter of Robitaille* (*supra*) the circumstances were somewhat similar to those here. The decedent was born in Canada. He came to New York, resided here for some years and became a naturalized American citizen. Subsequently he returned to Canada and resided there continuously until his death. Surrogate FOWLER found that the fact of naturalization might be disregarded in the face of the proofs establishing an actual abandonment of the New York residence.

In the pending case Miss de Betancourt had been naturalized in the United States, but the evidence is clear as to her intention and determination in her declining years to yield her status as an American citizen and to repatriate herself in her native country. I hold that the will has been properly authenticated and that ancillary letters should issue to the applicant.

Submit decree on notice accordingly.