In the Matter of the Estate of MARGARET BRINK HOYT, Deceased.

Surrogate's Court, Livingston County, January 4, 1932.

*Pratt & Pratt* [*Helen M. Pratt* of counsel], for the petitioner.

WHEELER, S.  The executors in this final accounting asked for a judicial construction of the 14th paragraph of the will of decedent and direction as to distribution.

The paragraph to be construed reads: " I give and bequeath unto my namesake, Margaret Davis the sum of One Hundred Dollars ($100.00) to be used, paid out and applied in educating her as a stenographer, or in such line of employment as her parents may choose."

The decedent died December 27, 1929, and left a will dated December 10, 1928, which was probated in the Livingston County Surrogate's Court June 2, 1930.

The legatee named in the 14th paragraph died subsequent to the testatrix and on May 20, 1930, aged about three years, leaving her surviving as her next of kin her father, Lester E. Decker, and her mother, Lelia Decker.

It is conceded by all persons interested that the legatee named in the 14th paragraph as " Margaret Davis " was in truth and in fact Margaret Decker.

The question submitted for decision is: Was a trust created, or were the directions of the testatrix that the bequest of $100, " to be used, paid out and applied in educating her as a stenographer, or in such line of employment as her parents may choose," precatory words expressing a desire of the testatrix that the bequest should be used for the education of the legatee.

It is most obvious within the authorities that the phraseology adopted in this bequest was merely precatory and that the legacy vested.  (*Matter of Wilkening,* 137 Misc. 451; *Matter of Judge,* 141 id. 254, 256; *Matter of Buckley,* 135 id. 156; *Matter of Turner,* Id. 223;

*Keefe* v. *Keefe,* 134 id. 705; *Matter of Reilly,* 139 id. 732; *Matter of Abbe,* 138 id. 210; *Matter of Bell,* 141 id. 720.)

I, therefore, decide that no trust is created, that the gift is absolute and vested at the death of the testatrix in the legatee.

The legatee, however, having died subsequent to the testatrix, at the age of three years, leaving her surviving as her next of kin her father, Lester E. Decker, and her mother, Lelia Decker, the legacy is distributed one-half to the father and one-half to the mother. (Dec. Est. Law, § 83, subd. 7-a.)

Submit decree construing the will and settling the accounts accordingly.