In the Matter of the Estate of SARAH G. DIALOGUE, Deceased.

Surrogate's Court, Kings County, April 16, 1936.

*Cullen & Dykman,* for Marie M. Dialogue, Mary E. Dialogue and Brooklyn Trust Company, as executors.

*James S. Regan,* special guardian for Jeanne Louise Dialogue, John Henry Dialogue, 3d, and Herbert J. Wills, infants.

WINGATE, S. The solution of the question of testamentary interpretation here propounded hinges upon an interesting principle of conflict of laws.

The testatrix died on September 30, 1933, a resident of the State of New Jersey, leaving (according to the allegations of the petition) both tangible and intangible property in this county. Her will was duly probated in this court on December 4, 1933.

By the tenth item of this instrument she erected a trust with a corpus of $5,000, the income of which was made payable to Stella Wills for life, the principal, on the death of the latter, to " be divided equally and paid absolutely and outright to the issue of said Stella Wills and the First Presbyterian Church, Merchantville, New Jersey."

Stella Wills predeceased the testatrix, leaving a son, Herbert D. Wills, and a grandson, Herbert J. Wills, both of whom survived the testatrix.

The concrete question for determination is whether the quoted gift " to the issue of * * * Stella Wills " implies a distribution *per capita* or *per stirpes;* in other words, whether her grandson, Herbert J. Wills, is entitled to participate in the gift.

Since the will was executed on May 25, 1932, over eleven years after the effective date of section 47-a of the Decedent Estate Law (added by Laws of 1921, chap. 379), it is conceded that if New York law applies, the grandson is not entitled to participate, since this enactment provides: " Issue to take *per stirpes.* If a person dying after this section takes effect shall devise or bequeath any present or future interest in real or personal property to the ' issue ' of himself or another, such issue shall, if in equal degree of consanguinity to their common ancestor, take *per capita,* but if in unequal degree, *per stirpes,* unless a contrary intent is expressed in the will."

On the other hand, if the law of New Jersey governs the interpretation, the grandson will share, since in that State the common-law rule respecting the meaning of issue, noted in *Soper* v. *Brown* (136 N. Y. 244), is still in force. (*Pierson* v. *Jones,* 108 N. J. Eq. 453; 155 A. 541; affd., 111 N. J. Eq. 357; 162 A. 580; *Dennis* v. *Dennis,* 86 N. J. Eq. 423; 99 A. 889; *Matter of Hampson,* 4 N. J. Misc. 642.)

The special guardian for the infant grandson naturally asserts that New Jersey law must be applied, and in support of his contention cites *Fell* v. *McCready* (236 App. Div. 390, 394) and *Matter of Slade* (154 Misc. 275). Strangely enough, no other party has taken any position on this question or has tendered any assistance in its solution.

The second case cited is not in point. The only remotely pertinent determination contained therein is found at page 276 and states the unexceptionable rule "that the validity of the disposition by will of personal property is governed by the law of the State of domicile of the testator."

In the case at bar no question of validity whatsoever is involved. The gift is valid in any event. The only problem here presented is as to what this particular testatrix meant when she used the word "issue." Did she mean the first immediate living descendant of the life tenant, or did she contemplate a benefit to the descendants of the latter indiscriminately, no matter what the degree?

The difference in the two questions is fundamental and well recognized. In any proceeding for interpretation two duties are involved. The court must first ascertain from the language employed in the will (*Matter of Rossiter*, 134 Misc. 837, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Weissman*, 137 Misc. 113, 114; affd., 232 App. Div. 698), when read in the light of the circumstances surrounding the testator at the time of its execution (*Matter of McCafferty*, 142 Misc. 371, 372; affd., 236 App. Div. 678; *Matter of Weil*, 151 Misc. 841, 844; affd., 245 App. Div. 822) and the pertinent existing law (*Matter of Sheffer*, 139 Misc. 519, 522, and authorities cited), what disposition of his property the testator intended to make. When this preliminary duty is accomplished, the second obligation arises "for the court to determine whether such intended provisions are valid or otherwise." (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86, 91; *Central Trust Co.* v. *Egleston*, 185 id. 23, 33; *Matter of Von Deilen*, 154 Misc. 877, 882.)

Obviously the *validity* of the provisions must be determined in accordance with the law of the place where performance is contemplated since no action is legally possible which is in contravention thereof. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 106; *Matter of Killough*, 148 Misc. 73, 83.) That question, however, is not here present, the sole issue for determination being that involved in the first step of the interpretative process, namely, the ascertainment of the intention of the testatrix respecting the recipient of her bounty.

No evidence has been adduced in regard to the place where the will was executed. The fact that she died in New Jersey raises no inference that the will, executed sixteen months before, was there made, since a showing of the existence of a fact or condition on a given date raises no inference or presumption that the same fact or condition existed at a previous time. (*Matter of Auditore,* 136 Misc. 664, 681; affd., 233 App. Div. 740; *Matter of Smith,* 136 Misc. 863, 871, 879; *Matter of Tuozzolo,* 145 id. 485, 487, 488; *Matter of Bates,* 152 id. 627, 628; *Matter of Frank,* 153 id. 688, 690.)

In the case at bar, even were such an inference possible, it would *prima facie* be rebutted by the contents of the document itself. Its introductory clause reads: " I, Sarah G. Dialogue, *of the Borough of Brooklyn, City of New York,* hereby make, publish and declare this to be my last Will and Testament." (Italics not in original.)

One of the executors and trustees is " Brooklyn Trust Company, a domestic banking corporation of the Borough of Brooklyn, City of New York."

Finally the witnesses to the will are:

" H. U. Silleck of 170 E. 17 St. B'klyn, N. Y.

" W. W. Brickley of 1400 Ocean Avenue, B'klyn, N. Y.

" V. H. Mander of 162 Linden Blvd., B'klyn, N. Y."

Whereas it has been said that a testamentary declaration of residence such as is here present is not conclusive of the question (*Matter of Lydig,* 191 App. Div. 117, 121), yet written declarations of domicile are entitled to consideration (*Dupuy* v. *Wurtz,* 53 N. Y. 556, 562; *Matter of Agramonte,* 144 Misc. 173, 174; affd., 237 App. Div. 811), and in the absence of an adequate contrary demonstration, have been held entitled to controlling weight (*Matter of Stover,* 4 Redf. 82, 87). In the case at bar there is no other demonstration whatsoever, wherefore it must be determined on the record as it stands that at the time of the execution of the instrument the decedent was a domiciled resident of New York.

In this situation it is entirely patent that the legal meaning which is to be attributed to the words employed in the instrument must be that of the place of domicile at the time of the execution of the instrument. Every citizen is charged with a knowledge of local law (*City of Buffalo* v. *Hawks,* 226 App. Div. 480, 484, 485; *Farmers' L. & T. Co.* v. *Winthrop,* 207 id. 356; 371; modfd. on other grounds, 238 N. Y. 477) and with the legal effect of the language used in a document. (*Matter of Wilkening,* 137 Misc. 451, 454; *Matter of Kelly,* 134 id. 399, 401.) Indeed, this principle has been carried to the extent of holding that existing law is to be read into the document with like effect as if it had therein been incorporated at length. (*McCracken* v. *Hayward,* 2 How. [U. S.]

608, 613; *Edwards* v. *Kearzey*, 96 U. S. 595, 601; *People ex rel. City of New York* v. *Nixon*, 229 N. Y. 356, 361; *Matter of Cohen*, 149 Misc. 765, 769.)

It has accordingly been held that " in discovering the intent of the testator a will should be construed in the light of the statutory enactments in view of which it must be supposed to have been made." (*Central Trust Co.* v. *Skillin*, 154 App. Div. 227, 232. See, also, *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127, 138; *Matter of Sheffer*, 139 Misc. 519, 522.)

This principle is succinctly stated by that pre-eminent authority on the subject, Professor Beale of Harvard (Beale, Conflict of Laws, § 308.1): " The interpretation of a will is not, strictly speaking, a legal question, but a question of fact. There is no occasion for interpreting language if it has a clear meaning without interpretation; and if interpretation is necessary the court looks at all circumstances surrounding the use of the language, of which the domicil of the user is one. One speaks, presumably, the language of his home, and the usage of his domicil is the principal element of interpretation; though of course not the only one. The courts, not distinguishing too meticulously between usage and law, lay down the rule that, nothing calling for a contrary view, language in a will is to be interpreted according to the domicil of the testator. \* \* \* *The domicil the usage of which fixes interpretation is the domicil at the time the will was executed, not that at the time of death, if there has been a change.*" (Italics not in original.)

The few American adjudications in which the question has been raised have applied this rule. (See *Proctor* v. *Clark*, 154 Mass. 45, 48; 27 N. E. 673; *Gibson* v. *McNeely*, 11 Ohio St. 131, 136.) So far as is discernible from the opinion, *Fell* v. *McCready* (236 App. Div. 390, 394) is not to the contrary. The will there construed was the product of a testator who died in Illinois. Nothing in the opinion indicates that he was domiciled elsewhere at the date of execution of the instrument. Obviously, therefore, it should be interpreted in accordance with Illinois law. The decision does not purport to be a pertinent authority on the presently relevant question. Furthermore, the two authorities cited in support of the determination made (*New York Life Insurance & Trust Co.*, v. *Viele*, 161 N. Y. 11, and *Dammert* v. *Osborn*, 140 id. 30) were both cases of wills of persons domiciled in foreign jurisdictions with no intimation in the cases that the wills were executed other than in such jurisdictions.

In the case at bar, since the only inference on the record is that the will was executed in the State of New York, the intention of the draftsman, which is necessarily imputed to the testatrix

(*Matter of Corlies*, 150 Misc. 596, 599; affd., 242 App. Div. 703; *Matter of Jackson*, 138 Misc. 167, 170), must be deemed to have been to use the word " issue " with the connotation attributed to it by section 47-a of the Decedent Estate Law, with the result that Herbert J. Wills does not come within the description of those entitled to participate in the class remainder gift under item tenth of the will.

Enter decree on notice.