In the Matter of the Construction of the Will of CARRIE DAHLMAN, Deceased.

Surrogate's Court, New York County, August 15, 1949.

*Lewis, Kanter, Rassner & Bernas* for Dudley Dahlman and another, as trustees under the will of Carrie Dahlman, deceased, petitioners.

*Murray L. Watt,* special guardian for William Michaels, an infant, respondent.

*Bernard J. Alderman,* special guardian for Jules Dahlman and another, infants, respondents.

*Daniel K. Miller* for Jules Michaels and others, as executors of Humphrey Michaels, Jr., deceased, respondents.

FRANKENTHALER, S. The accounting trustees in this proceeding request a construction of the will to determine the disposition to be made of the principal of a trust which has terminated as a result of the death of the life tenant. The will created a trust for the life of Nathan Dahlman, a son of the testatrix. Upon his death, the trustees were directed to " pay the principal of this trust to the issue then living of my beloved children, Nathan Dahlman, Gella Kraft, Ruth Simon and Dudley Dahlman, share and share alike." The surviving " issue " of the named persons include seven grandchildren of the deceased and a child of one of the surviving grandchildren.

The question before the court is whether the gift to " issue " contemplates a distribution per stirpes to the exclusion of the great-grandchild, or a distribution to all eight persons in the group, per capita. The court holds that section 47-a, of the Decedent Estate Law, is controlling and requires a stirpital distribution, to the exclusion of descendants of living issue (*United States Trust Co.* v. *Baes,* 124 Misc. 48, affd. 245 N. Y. 514; *Matter of Van Etten,* 136 Misc. 436; *Matter of Parker,* 71 N. Y. S. 2d 680).

The special guardian of the great-grandchild points to the words in the gift " issue * * *, share and share alike ". Like provisions have been construed in the past, and have been given a meaning in accordance with the rule in section 47-a that there shall be an equal sharing only " if [the issue are] in equal degree of consanguinity to their common ancestor ". (*Matter of Dialogue,* 159 Misc. 18–19; *Matter of Parker, supra*).

In view of the construction herein placed upon the will, the great-grandchild takes no interest in the remainder. The objections raised by the special guardian for the infant children will be heard by the court on the 24th day of October, 1949, at 2:15 P.M.