In the Matter of the Accounting of MANUFACTURERS TRUST COMPANY, Successor by Merger to Brooklyn Trust Company, as Successor Trustee under the Will of ELIZA SHERIDAN, Deceased.

Surrogate's Court, Kings County, June 21, 1954.

*Cullen & Dykman* for successor trustee, petitioner.

*Roy H. Rudd,* special guardian for Lucia M. Bigelow and others, infants.

RUBENSTEIN, S. Incidental to the judicial settlement of its account by the successor trustee, a construction is requested of testatrix' will and in particular paragraph " Seventh " thereof, to determine whether the remainder of the trust accounted for should be distributed per capita or per stirpes among the issue of her son and daughter.

Testatrix died on April 10, 1917. By paragraph " Seventh " of her will testatrix created a trust consisting of one third of her property and directed that the income therefrom be paid to her daughter, M. Gertrude Sheridan (Gertrude S. Crowell), during her life and on the death of her said daughter leaving issue her surviving, testatrix gave the trust fund to such issue; in default of such issue, testatrix gave one half of the trust fund equally to Albert D. Sheridan and Grace S. Colson, brother and sister, respectively, of said life income beneficiary, with the proviso: " In case of the death of either of them leaving issue, such issue to receive the share of the one so dying, and the other half so held in trust for my said daughter shall be disposed of in the manner in which she shall direct by her last will and testament."

Testatrix' said daughter, Gertrude S. Crowell (named in the will as M. Gertrude Sheridan), died on August 20, 1953, without issue. Her brother, Albert D. Sheridan, and her sister, Grace S. Colson, both predeceased, having died respectively on July 25, 1924, and October 30, 1947, leaving issue them surviving, who in turn have children who are grandchildren and great grand-children of testatrix.

Under the common-law rule applicable to wills of persons dying prior to May 1, 1921 (Decedent Estate Law, § 47-a), a gift to " issue " includes descendants in any degree and connotes a per capita distribution under which children and grandchildren take in equal shares. However, that rule yields to a very faint indication of a per stirpital distribution (*Matter of Sherman,* 67 N. Y. S. 2d 261, affd. 267 App. Div. 765; *Matter of Crane,* 113 N. Y. S. 2d 865).

In the instant case, the will directs a division of the trust fund into two equal parts in the event the life income beneficiary died without issue, " one half of such share unto her brother and sister equally " and in case of death of either of them leaving issue, " such issue to receive the share of the one so dying ". The inference seems inevitable that the issue were thought of as the parents' representatives, succeeding either by representation or by substitution to the enjoyment of the parents' share. Such a scheme of distribution connotes a per stirpes distribution (2 Davids on New York Law of Wills, § 673, pp. 1128, 1129;

*Ferrer* v. *Pyne,* 81 N. Y. 281, 284; *Matter of Farmers' Loan & Trust Co.,* 213 N. Y. 168, 177; *New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Lawrence,* 238 N. Y. 116, 120; *Matter of Good,* 304 N. Y. 110).

The court construes paragraph " Seventh " of the will as directing a per stirpital distribution of the remainder of the trust created thereunder.

Submit decree, construing the will accordingly.