George Frankenthaler, S.
In this construction proceeding the court is asked to determine whether distribution of a trust remainder should be made per stirpes or per capita. Testatrix died in 1928. Paragraph Eighth of her will created a trust for the benefit of her daughter for life, and upon her death ‘ ‘ to pay over the net principal thereof to the issue of my said daughter, Carolyn Frances McCoon, in equal shares, absolutely and forever.” The life beneficiary died in 1955, survived by a daughter and the latter’s infant children. Two of these grandchildren were then in being and the third, en ventre sa mere, was subsequently born alive.
Section 47-a of the Decedent Estate Law governs this case. It became effective on April 30,1921 and provides: “ If a person dying after this section takes effect shall devise or bequeath any present or future interest in real or personal property to the ‘ issue ’ of himself or another, such issue shall, if in equal degree • of consanguinity to their common ancestor, take per capita, but if in unequal degree, per stirpes, unless a contrary intent is expressed in the will.” Unless a contrary intent can be found in the words “ in equal shares” the issue here, a child and grandchildren, in unequal degree of consanguinity to the life beneficiary, must take per stirpes. The quoted phrase does not express a contrary intent (Matter of Dahlman, 196 Misc. 260). A gift in similar terms was held to require a stirpital distribution even under the rule which antedated this statute (Matter of Lawrence, 238 N. Y. 116) wherein intent to divide per capita was presumed, absent some indication of a different *636 desire (see Matter of Good, 304 N. Y. 110). The court holds that this gift to issue must be distributed per stirpes. All of the life beneficiary’s grandchildren are thus excluded, obviating the need to determine the effect of the timing of the afterborn child’s birth on his right to the remainder.
Submit decree on notice.