George Frankenthaler, S.
The petitioning trustee requests a construction of the testamentary language to determine whether the principal is distributable per stirpes, to the *893 secondary life beneficiary’s four surviving children, or per capita, to those four plus the three children of one of them. Section 47-a of the Decedent Estate Law is inapplicable because the testator died in 1901 and in construing the gift of the trust corpus after the life tenant’s death, “ to [her] * # * issue share and share alike ”, the court is governed by the common-law presumption that a gift to issue is distributable per capita. This presumption is readily overcome, however, by a relatively slight indication of testator’s contrary intention.
In the context of the instant will the court holds that both the word “issue” and the phrase which modifies it, “ share and share alike ” (Matter of Lawrence, 238 N. Y. 116) were used in furtherance of the testator’s general plan for a stirpital distribution to achieve equality among the stocks. Under a contrary construction the distribution among his children’s issue would fluctuate unreasonably, and would be made per stirpes or per capita, depending on whether each child died before or after his mother, the primary life tenant, for in the event that a child had predeceased his mother, the testator specified that the secondary trust for the child he set up for his grandchildren, per stirpes (Matter of Lawrence, supra; Matter of Durant, 231 N. Y. 41).
Submit decree on notice construing the will as requiring a distribution of the remainder in question per stirpes.