Joseph A. Cox, S.
A question of construction is presented in the first intermediate accounting of the executors. Paragraph Sixth of testator’s will reads as follows:
‘ ‘ SIXTH: All of the rest, residue and remainder of my estate of every kind and description I direct my Executor to divide into four (4) equal parts, and I give and devise said parts as follows:
“ (a)'Three (3) of said parts to the issue me surviving of my brother, William K. Dick, in equal shares, per stirpes; and
“ (b) One (1) of said parts to the issue me surviving of my sister, Julia D. Macy.”
Decedent was survived by four children of his brother, William K. Dick and by three children and eight grandchildren of his sister, Julia D. Macy. The grandchildren are all children of living children. The executors allege that distribution of the residuary estate to the issue of testator’s sister, Julia D. Macy, should be per stirpes to her three children. The special guardian for the infant grandchildren contends that such distribution should be per capita in 11 equal shares to the children *891 and grandchildren of decedent’s sister. No question is raised as to the distribution to the issue of decedent’s brother in subdivision (a) of paragraph Sixth.
Testator executed his will on November 7, 1945 and a codicil thereto on June 30, 1948. He died on May 25, 1956. Section 47-a of the Decedent Estate Law applies to the will of any person dying subsequent to its enactment in 1921. It provides that any devise or bequest to “ issue,” if in unequal degree to their common ancestor, shall be per stirpital “ unless a contrary intent is expressed in the will.”
The court holds that a per stirpital distribution to the issue of decedent’s sister, Julia D. Macy, was intended. The use of the words “ in equal shares ” and “ per stirpes ” in subdivision (a) of paragraph Sixth of the will was superfluous. If such words were omitted the distribution would still be “in equal shares ” and “ per stirpes ” pursuant to section 47-a of the Decedent Estate Law. If these words had not been used in subdivision (a) no question of construction of subdivision (b) would have been presented. Section 47-a of the Decedent Estate Law would have taken care of both distributions. The unnecessary inclusion of these words do not indicate that “ a contrary intent is expressed in the will.”
The court should not go out of its way to transform unnecessary language into the “ contrary intent ” required by section 47-a. It was held in Matter of McCoon (3 Misc 2d 634) that the use of the words “in equal shares” in disposing of a remainder in a will governed by section 47-a did not express the contrary intent mentioned in that statute. Where the principal was to be paid “ to issue then living of my beloved children * * * share and share alike ” in a will to which section 47-a applied the latter words did not prevent a per stirpital distribution to seven grandchildren to the exclusion of a great grandchild. (Matter of Dahlman, 196 Misc. 260, 261; see, also, Matter of Parker, 71 N. Y. S. 2d 680; Brown v. Rosenstrauch, 155 N. Y. S. 2d 201, 202.)
The argument that testator’s failure to specify a per stirpes distribution in subdivision (b) indicates a studied purpose that the issue of his sister are to take per capita was rejected in Central Hanover Bank & Trust Co. v. Pell (268 N. Y. 354). It was there stated (p. 361): “ If it is argued that the drafter of this deed carefully chose the language importing a per stirpes distribution in the other contingencies, in purposeful contrast to the contingency involved herein, why were they not equally precise in directing a per capita distribution in this instance? Is it to be presumed that they would have left a per capita dis *892 tributiou to hang on such a slender thread as the construction which they contend for the word 1 issue, ’ if the drafters were indeed conscious of any difference between the modes of distribution in the several contingencies? In such event, it would have been easy to grant the remainder to ‘ issue in whatsoever degree ’ or easier still to grant it to ‘ issue per capita.’ From their very failure to do so, is not the inference irresistible that they intended no difference whatever in the several contingencies? ” (See, also, Matter of Seligmann, 203 Misc. 124; Matter of Rees, N. Y. L. J., June 21, 1957, p. 7, col. 2.)
If this decedent died prior to the enactment of section 47-a when the common-law rule of per capita distribution was in effect, unless the will expressed a contrary intention (Soper v. Brown, 136 N. Y. 244; Petry v. Petry, 186 App. Div. 738, affd. 227 N. Y. 621) the use of the words “ per stirpes ” in subdivision (a) would have provided the faint glimpse necessary to take the distribution out of the general rule if subdivision (b) was being construed. (Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168, 173-174; Matter of Good, 304 N. Y. 110.)
The special guardian’s contention that the inequality of benefits given to the issue of decedent’s brother and sister is an indication that he intended a per capita distribution to the sister’s issue was considered and rejected in Matter of Lanier (138 N. Y. S. 2d 639, 642).
The compensation requested on account of legal services rendered by the firm of attorneys of which the individual executor is a member is allowed. The question of abandoning the assets listed in schedule B-l of the account will be determined upon the final accounting of the executors.
Submit decree on notice construing the will and settling the account accordingly.