Sidney A. Fine, J.
This is a motion by plaintiff for summary judgment.
The first of the three causes of action pleaded in the complaint appears to proceed upon the theory that a trust agreement and an amendment thereof, both of which named defendant as trustee, created passive rather than active trusts and that, by virtue of the provisions of section 93 of the Beal Property Law (which has been held applicable to trusts of personalty [Matter of De Rycke, 99 App. Div. 596]), no estate vested in defendant. The relief demanded is that certain stock, which constituted the corpus of the trust, be adjudged to belong to plaintiff, as executrix of the deceased grantor of said stock.
Defendant’s opposing memorandum takes the position that even if the trust were held to be passive rather than active, plaintiff, as executrix, would not be entitled to the stock, for the legal result of such a holding would be that the corpus *890 would vest in plaintiff, individually, and the other beneficiaries (see Jacoby v. Jacoby, 188 N. Y. 124, 129; Matter of Bell, 141 Misc. 720; Matter of Bankers Trust Co., 108 N. Y. S. 2d 213; Matter of Schaefer, 121 N. Y. S. 2d 233, 236-237), not in plaintiff as executrix of the grantor.
Plaintiff’s reply brief raises the new contention that the purported trust was not even a passive trust, but was, in law, no trust at all. The purpose of this new claim seems to be to meet defendant’s point that even if the trust were passive, plaintiff, as executrix of the grantor, would not be entitled to the corpus.
In the court’s opinion, the contention that the purported trust was no trust at all is unfounded. The agreement contained a provision transferring the stock to defendant, described repeatedly as “ trustee ”. It recited that the transfer to the “ trustee ” was to be upon the terms and conditions thereafter set forth, which included provisions that the stock was to be transferred to his name on the corporate books, that he was to vote it for election of directors and for amendment of the certificate of incorporation and the by-laws, that he was to collect the income and pay it over to plaintiff’s husband for his life, and thereafter to plaintiff, individually, for her life and, that thereafter, the corpus was to be distributed to others. All the requisites of a trust are present: a grantor, a trustee, a definite corpus, a present transfer of the corpus to the trustee, and the terms upon which the' trustee is to hold the corpus and pay out the income as well as the principal. In Farmers’ Loan & Trust Co. v. Winthrop (238 N. Y. 477 [cited by plaintiff]), in modifying the determination of the Appellate Division (207 App. Div. 356), the Court of Appeals pointed out that the instruments involved were merely powers of attorney, that the gifts were inchoate and incomplete without any present transfers, that the donor did not intend to be a trustee herself, and that the donee never received title and, therefore, could not hold in trust for another. This case obviously has no application here.
It is unnecessary to consider whether the trust is active or passive, since, even if it be assumed that it is passive, plaintiff, as executrix of the grantor, would not be entitled to the corpus. In this connection, it should, however, be noted that in addition to collecting the income and paying it over to the life beneficiaries, the trustee was to vote the stock for directors and amendments to the certificate of incorporation and the by-laws. As record holder of the stock, he was entitled by law to vote it also in other matters which might require action by him as a stockholder. He was further given discretion, by *891 the terms of the original agreement, to determine the order in which the son-in-law, widow and daughter of the grantor were to be elected directors after the latter’s death. An amendment in 1956, pursuant to a reserved power to revoke or amend, eliminated this provision, but it added a provision that the trustee was to have a voice in determining the proportions in which a certain salary differential to some of the life beneficiaries was to be paid by the various corporations involved.
The second cause of action alleges that the trust established by the agreement was illusory. There appears to be no merit in this contention. As transferee of the stock and record holder thereof, only the trustee could vote as a stockholder. The language providing that the grantors and the trustee were to vote as stockholders does not have the effect of depriving the trustee, as transferee of the stock upon the books of the corporation, of the sole right to vote it. The language in question appears to have been due to confused thinking upon the part of the person who prepared the agreement. Had the agreement not provided for a transfer of the stock to the trustee on the corporate books, there might be basis for the argument that the grantors reserved complete control and that the trust was illusory. That is not, however, the case here. The provision reserving the right of revocation or amendment to the two grantors, acting together, or to the surviving grantor, with the consent of the widow, son and daughter, widow, or son-in-law, as the case may be, of the deceased grantor, did not, by itself, make the trust illusory.
The third cause of action proceeds on the theory that the trust agreement was testamentary in character and was void because it was not executed in the manner required for wills and testaments. This cause is also without merit. An inter vivas trust agreement is not a will or testament. It takes effect as of the date of its execution, not, as in the case of a will, on the death of the persons making dispositions of their property. For the reasons indicated, the motion is denied.