Joseph A. Cox, S.
In this proceeding for judicial settlement of the final account of the substituted trustee, the petitioner prays for a construction of paragraph Ninth of the will. The testator bequeathed a part of his residuary estate in trust for his daughter Lillian Carpenter Curtis to pay her the income for life and further provided: “ Upon the death of my said daughter, lillian carpenter curtis, I will and direct that the part or share held in trust for her be given absolutely to her lawful issue then living and divided equally among them. If she shall die leaving no lawful issue I will and direct that the part or share held in trust for her be given absolutely in equal portions to my children then living or the surviving lawful issue of my said children, the surviving issue to take per stirpes, and not per capita.”
The life beneficiary has died, the trust has terminated and the trust remainder is payable to the lawful issue of the beneficiary. The persons contending for such remainder are two *445 daughters of the income beneficiary, the three natural children of one of these daughters and the two adopted children of the other daughter. If distribution of the trust remainder is to be made to issue per stirpes, the two daughters will divide the remainder between them. If distribution is to be made to issue per capita, the natural children of one daughter will share in the distribution and the adopted children of the other daughter will be in a position to contend for remainder shares but any claim .on the part of the adopted children will be dependent upon a holding that the will directs a distribution on a per capital basis and, upon this preliminary question, the interests of the natural children and the adopted children are the same.
The testator died in 1925, subsequent to the effective date of section 47-a of the Decedent Estate Law, which provides that, under á will providing a bequest to “ issue ”, issue of unequal degrees of consanguinity to their common ancestor shall take per stirpes unless a contrary intent is expressed in the will. It is here acknowledged that this statute is controlling, but the suggestion is made that the testator’s direction that the trust remainder be “ divided equally ” among the beneficiary’s issue requires a distribution among all the surviving issue of the beneficiary irrespective of degrees of relationship to the beneficiary. Words directing an equal division have been considered in many earlier decisions and, even prior to the formulation of the rule of the Decedent Estate Law, it was held that a division “share and share alike” contemplated a division per stirpes (Matter of Lawrence, 238 N. Y. 116). Equivalent language was considered in Matter of Dahlman (196 Misc. 260); Matter of McCoon (3 Misc 2d 634) and Matter of Dick (9 Misc 2d 890).
If this testator had died prior to the effective date of section 47-a of the Decedent Estate Law, a presumption in favor of distribution per capita would have existed, but the testator’s direction for distribution to his own children “ per stirpes, and not per capita” would have provided more than the faint glimpse of a contrary intent which, at that time, was all that was required to overcome the presumption in favor of a per capita distribution (Matter of Good, 304 N. Y. 110; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354).
It is held that the trust remainder is payable in equal shares to the two daughters of the income beneficiary. Submit decree on notice construing the will and settling the account.