John D. Bennett, J.
In this accounting proceeding the guardian ad litem raises only one objection to the account: that it does not provide for any distribution to his infant ward under the following language of the will:
"fifth: I give, devise and bequeath to my issue, per stirpes, living at my death, as tenants in common, the following real property:
"A. The store building commonly known as No. 1193 Fulton Street, Brooklyn, New York, now occupied as a drug store.
"B. My house and grounds at Bellport, Long Island, New York, located on the westerly side of Bellport Lane, between South Country Road and the Bay.”
The decedent was survived by two sons, two daughters and their children (being nine grandchildren of the decedent). Only one of the grandchildren is an infant, represented here.
The store building had been sold by the decedent before death but the Bellport property was sold thereafter by the four surviving children and they received the proceeds, having considered it as being specifically devised to them alone under the will. The executors did not exercise any power of sale over the property and they did not, as such, join in the deed.
The point raised by the guardian ad litem is that the 14 pages of the will were artfully drawn in very precise legal language and does not exclude living issue under the language of EPTL 1-2.10.
The objection of the guardian ad litem is dismissed for under EPTL 2-1.2 the very use of the words "per stirpes” is determinative and excludes children of living children. In fact, its predecessor section (Decedent Estate Law, § 47-a) was designed to overcome the prior decisional rule to the effect that a disposition to "issue” was presumed to import a "per capita” disposition, although this presumption yielded to a "very faint glimpse of a different intention” reflected in the disposing instrument (Matter of Farmers’ Loan & Trust Co., 213 NY 168). In the language of this will there was more than a faint glimpse because the testator specifically provided for a per stirpital disposition which, as noted above, precludes *274 children of children (grandchildren) living at the time of testator’s death from sharing in the disposition although they are technically "issue” under EPTL 1-2.10. (See Hoffman, Practice Commentary, McKinneys Cons Laws of NY, Book 17B, EPTL 2-1.2, pp 46, 47, citing Matter of Dahlman, 196 Misc 260.)
In pretrial conference the guardian ad litem indicated that he had no other objections to the account but his report is silent as to his examination thereof. He should therefore file a statement indicating that he has examined the account and finds no objection thereto or, if such is the case, that his ward is not entitled to any disposition under the other provisions of the will.