THOMAS POOLE SOPER AND ANOTHER, APPELLANTS, *v.* GEORGE W. BROWN, AS TRUSTEE UNDER THE WILL OF M. LOUISA BROWN, DECEASED, RESPONDENT.

*Will — " lawful issue " — when it means not children simply, but also descendants of children.*

Thomas Poole died seized of certain premises, leaving a will by which he devised to his executors in trust a certain portion of his estate for each of four daughters for life, including in such trust one of such portions for his daughter Eliza for life, and directed that after her death it "shall go in fee simple, as tenants in common, to the lawful issue of my said daughter Eliza, if more than one, share and share alike; and for the want or in default of such issue, then to all my grandchildren, who may then be living, as tenants in common, his, her or their heirs or assigns, forever." Eliza had children, both of whom died before her, leaving children surviving them.

To his daughter, Letitia, Thomas Poole gave a legacy of twenty-five dollars, leaving the residue of his property to his four other daughters and to the survivor for life, and thereafter to his grandchildren.

In an action of ejectment brought by children of Letitia, who were living at the time of Eliza's death, against a person claiming title, to certain of the real estate left by Poole, under the grandchildren of Eliza:

*Held,* that by the use of the words "lawful issue" of my said daughter Eliza the testator did not mean to include simply her children, but also their children, "issue" being used in the sense of "descendants."

APPEAL by the plaintiffs, Thomas Poole Soper and George Washington Soper, from a judgment of the Supreme Court, entered, after a trial before the court at the Kings Circuit, in the office of the clerk of the county of Kings on the 25th day of April, 1892, dismissing the complaint and adjudging that upon the death of Letitia Soper, a daughter of Thomas Poole, her children, the plaintiffs, took no right, title or interest in the premises described in the complaint.

*George H. Adams*, for the appellants.

*Josiah T. Marean*, for the respondent.

DYKMAN, J.:

This is an appeal from a judgment in favor of the defendant entered upon a decision of the court.

The action was brought to recover a lot of land in the city of Brooklyn which was originally a part of a farm belonging to Thomas Poole, who died in 1831, seized and possessed of the premises, leaving a last will and testament, which has been duly proved and admitted to probate, by which he devised the farm, including the property in question, to his executors in trust to permit his daughter Eliza to occupy the same for and during her natural life in their discretion, or to rent the same during the same period and take and receive the rents and profits accruing from the same, and therewith make all necessary repairs, and pay all taxes and other necessary charges and expenses in and about the same, and after deducting such payments, to annually pay over the residue of the rents and profits to Eliza for and during her natural life, to her sole and separate use and benefit.

Then follows the clause which produces the contention in this suit in these words: "And upon the death of my said daughter Eliza, my further will is that the aforesaid two dwelling-houses and piece or parcel of land and meadows, and piece or parcel of woodland above described, and in this clause of my will devised for the use and benefit of my said daughter Eliza, with the appurtenances thereunto belonging shall go in fee simple, as tenants in common to the lawful issue of my said daughter Eliza, if more than one, share and share alike, and for the want or in default of such

issue, then to all my grandchildren who may then be living, as tenants in common, his, her or their heirs or assigns, forever."

Substituting the names of the other three daughters, respectively, and the descriptions of the other parcels of real property, there are three other devises in the same language.

The residuary clause of the will provides for the conversion of all the personal property into money and for the collection of all debts, so as to make one total sum, and after the payment of debts, legacies, etc., the residue is bequeathed to the executors in trust to invest and pay and apply the income annually to Mary, Eliza, Margaret and Sarah, in equal shares during their joint lives, and to the survivors and survivor of them; " and after the decease of such survivor, my will is that the said moneys so invested or placed out at interest as aforesaid shall go to and be equally divided between all my grandchildren then living."

Thomas Poole, the testator, left him surviving four daughters to whom he gave life estates, and at his death Eliza had two children living, both of whom died during her lifetime leaving children, and Eliza died in 1882.

The plaintiffs in this action are the children of Letitia Soper, wife of Enoch Soper, who was a daughter of the testator, to whom he gave a legacy of twenty-five dollars, and consequently the plaintiffs are two of the six grandchildren of the testator who were living at the death of his daughter Eliza.

The defendants derived their title from the grandchildren of Eliza, and their contention is that the descendants of Eliza succeeded to the title under the word "issue," while the plaintiffs claim that by the word "issue" the testator meant "children."

The determination of the appeal, therefore, depends upon the ascertainment of the intention of the testator in the use of the word "issue" where it is employed in this will. It is a flexible word, whose signification is sufficiently broad to include remote offspring. It denotes descendants much more naturally than the word "children;" and if the testator had intended to give the property to the immediate issue of his daughter, he would have used the term "children" to manifest that design.

One fact remains yet unnoticed; the second item of the will of Thomas Poole is this: "I give and bequeath unto Letitia Soper,

the wife of Enoch Soper, of Williamsburgh, in the town of Bushwick, in the said county of Kings, the sum of twenty-five dollars, as a small memento of my esteem."

Letitia Soper was a daughter of the testator, as the parties admit, but the disclosure of the fact was studiously avoided by him in this bequest.

The third clause commences thus: " I give and bequeath unto my two daughters, Margaret and Sarah, all my household and kitchen furniture." * * *

The marked contrast between the two bequests shows a careful and considerate use of words.

Then, by the next four items of his will, the testator divided his real property into four parts, and gave a life estate in each fourth to each of his four daughters, Mary, Eliza, Margaret and Sarah, and the fee to their lawful issue.

Thus the testator excluded his daughter Letitia from any share of his real property, and divided it between his four daughters for their use and enjoyment during their respective lives, with a limitation over in favor of their issue ; and it is a natural conclusion that he intended to give the share apportioned to each daughter for life to their offspring, immediate or remote, and not to the descendants of the child excluded.

We conclude, after a careful examination and consideration of the case, that the testator designed to leave the real property which he left in trust for each of his four daughters so that it should, at their deaths, respectively, go to their descendants.

We have not examined the question in the light of authority, because its solution depends so much upon the intention of the testator in the use of the word that we can derive but little aid from adjudicated cases.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred ; CULLEN, J., not sitting.

Judgment affirmed, with costs.