In the Matter of the Accounting of Union Trust Com-
pany of New York, as Trustee under the Will of
Christian E. Detmold, Deceased:

Eugene Lentilhon et al., Appellants; Jose de T. Len-
tilhon et al., Appellants and Respondents; Edward
D. Lentilhon et al., Respondents.

**Appeal — when distributees who did not appeal from decree
directing distribution of trust fund may take advantage of modi-
fication upon appeal by another.**

Where a Surrogate's Court has directed as to the distribution of
a trust fund and one only of the parties interested has appealed to
the Appellate Division, resulting in a modification, and it is mani-
fest that all the brothers and sisters of the appellant must co-oper-
ate in complying with the judgment of that court by suffering a
reduction of the amount which otherwise they would have received
under the decree of the surrogate, they constitute a class all of
whom are necessarily affected in the same way and to the same
extent by the order of the Appellate Division, and the benefit of
that order may not be confined to the appellant alone, but must be
awarded to such of his brothers and sisters as, on appeal to this
court, ask to be placed upon the same footing. (*St. John* v.
*Andrews Institute*, 192 N. Y. 382, distinguished.)
*Matter of Union Trust Co.*, 170 App. Div. 176, modified.

(Argued November 23, 1916;  decided December 28, 1916.)

Appeal from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
December 29, 1915, which modified and affirmed as
modified a decree of the New York County Surrogate's
Court judicially settling the accounts of the Union Trust
Company as substituted trustee under the will of Chris-
tian E. Detmold, deceased.

The facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg, Alfred C. Petté, Frederick D.
Philips* and *Charles K. Carpenter* for appellants.   The

appellants have in no way waived their right to appeal from the order of the Appellate Division modifying the original decree. (*Adair* v. *Brimmer*, 96 N. Y. 35.)

*Robert Thorne* and *John K. Berry* for Jose de T. Lentilhon et al., appellants and respondents. These appellants have in no way waived their right to appeal to this court. They are parties to this proceeding and their right to appeal here from the order of the Appellate Division which modified the decree of the surrogate in such manner as to materially affect their interests is not affected in any way by the fact that they did not appeal from the surrogate's decree to the Appellate Division. (*Dwight* v. *Gibb*, 208 N.Y. 153; *Adair* v. *Brimmer*, 95 N. Y. 35.)

*James R. Deering* for Edward D. Lentilhon, respondent. The appeals are null and void and the court has no jurisdiction to entertain the same. (*G. S. Bank* v. *Suspension Bridge*, 159 N. Y. 362; *Angevine* v. *Jackson*, 103 N. Y. 470; *Matter of Kellogg*, 104 N. Y. 648; *Cox* v. *Stokes*, 156 N. Y. 491; *Cox* v. *Schermerhorn*, 18 Hun, 16; *Platt* v. *Platt*, 105 N. Y. 488; *Kane* v. *Astor*, 9 N. Y. 114; *St. John* v. *Andrews Institute*, 192 N. Y. 382; *Genet* v. *Davenport*, 59 N. Y. 648; *Hepburn* v. *Montgomery*, 97 N. Y. 617; *Ward* v. *Craig*, 87 N. Y. 550; *Burger* v. *Burger*, 111 N. Y. 523; *White* v. *Benjamin*, 150 N.Y. 258.) The Appellate Division in deciding what parties were entitled to the distributive share and the proportions thereof had a right to grant to Edward D. Lentilhon the sole benefit of the modification, he alone having complained of the distribution made by the surrogate. (*Kane* v. *Astor*, 9 N. Y. 114; *St. John* v. *Andrews Institute*, 192 N. Y. 382; *Matter of Martin*, 196 N. Y. 415; *Schultz* v. *U. S. Fidelity & Guaranty Co.*, 201 N. Y. 230; *Weeks-Thorne Paper Co.* v. *City of Syracuse*, 139 App. Div. 853.)

*Egerton L. Winthrop, Jr., Daniel J. Mooney, John Reilly* and *Bernard S. Van Rensselaer* for Emily L. Gilford et al., respondents.     The appellants have no standing in this court to prosecute their appeals.     A party who has not appealed to the Appellate Division of the Supreme Court cannot appeal from its decision to the Court of Appeals.     (*Beebe* v. *R. L., H. & P. Co.*, 6 App. Div. 187; *Platt* v. *Platt*, 105 N. Y. 488; *Matter of P. E. School*, 86 N. Y. 396; *G. S. Bank* v. *Vil. of Suspension Bridge*, 159 N. Y. 362; *Matter of Greene*, 55 App. Div. 475.) Even if the appellants were properly before this court they are not entitled to such amendment to the order on remittitur as they demand.     (*St. John* v. *Andrews Institute*, 192 N. Y. 382; *Altman* v. *Hofeller*, 152 N. Y. 498; *Platt* v. *Platt*, 105 N. Y. 488; *Kane* v. *Astor*, 9 N. Y. 114; *Cox* v. *Schermerhorn*, 18 Hun, 16.)

WILLARD BARTLETT, Ch. J.     In a proceeding in the Surrogate's Court of the county of New York instituted by the Union Trust Company as a substituted trustee under the will of Christian E. Detmold, deceased, it became necessary for the court to direct the proper distribution of the trust fund created by the third paragraph of the testator's will, the trust having terminated by reason of the death of the life tenant.     The surrogate made a decree directing that the fund should be divided into twenty parts and distributed among all the descendants of the testator who were living at the time of the death of the life tenant.     On that date there were twenty of such descendants living, eight of them being the children of Zella Trelawney Lentilhon, the testator's daughter, and twelve of them being children of her children — that is to say, grandchildren of the testator.

From this decree only one of the eight children of Zella Trelawney Lentilhon appealed to the Appellate Division.     Upon that appeal the Appellate Division

decided that the trust fund should be divided into only eight equal shares instead of twenty and should be distributed only among the children of Zella Trelawney Lentilhon, excluding from any share in the trust fund the twelve great grandchidren of Mr. Detmold.

Inasmuch, however, as only one of the eight grandchildren had appealed, the order of the Appellate Division was drawn so as to benefit that appellant alone; and, accordingly, it directed that one-eighth of the fund should be paid to him and that the balnace of the fund should be divided and distributed in equal shares among all the other descendants of the testator at the rate of 7/152 tc each.    Five of the eight grandchildren who did not appeal to the Appellate Division have now appealed to this court from so much of the Appellate Division's order as directs that they shall receive only 7/152 of the trust fund and they ask this court to modify the order so as to provide that each of them as well as Edward Detmold Lentilhon shall receive one-eighth of the trust fund in controversy.    Although they were not parties to the appeal to the Appellate Division the effect of the order made upon that appeal was to reduce the amount of money which each should receive out of the trust fund below that which they would have received under the decree of the surrogate; and consequently they contend that this reduction not only gives them the right to appeal to this court but entitles them to a modification of the order of the Appellate Division so as to place them on the same footing with their brother who did appeal to the court below.

In opposing the desired modification, the respondents rely upon the case of *St. John* v. *Andrews Institute* (192 N. Y. 382, 386) in which this court held after very careful consideration that next of kin who did not appeal from a judgment construing a will could not take advantage of the reversal of that judgment upon an appeal by others.    This, however, was because the interests of the

next of kin were not joint but several and, therefore, the action or litigation of one could not conclude or affect the rights of others. In so holding, Chief Judge CULLEN, who wrote the prevailing opinion, quoted with approval the general rule on this subject as stated by Mr. Freeman in his treatise on Judgments, thus: "Where a judg-ment is against two or more persons, one only of whom appeals, its reversal, if the judgment was binding upon the defendants jointly, or if all must co-operate in com-plying with the judgment, affects the parties who did not appeal to the same extent as those who did." (2 Free-man on Judgments, § 481.) In the present case it is manifest that all the brothers and sisters of Edward D. Lentilhon, who alone appealed to the Appellate Division, must co-operate in complying with the judgment of that court by suffering a reduction of the amount which other-wise they would have received under the decree of the surrogate. Therefore they constitute a class all of whom are necessarily affected in the same way and to the same extent by the order of the Appellate Division. It follows that the benefit of that order may not be confined to Edward D. Lentilhon alone but must be awarded to the present appellants.

The order of the Appellate Division should be modified by directing a distribution of the trust fund among the eight children of the testator's daughter, Zella Trelaw-ney Lentilhon, and as thus modified should be affirmed, with costs to the appellants and to the special guardians payable out of the estate.

CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Ordered accordingly.