WILLIAM F. BROWN, Plaintiff, *v.* PHILIP TANZ, Defendant.

Second Department, February 21, 1917.

Will — construction — "lawful issue" used as synonymous with children — sale of life estate — suit to partition life estate — parties.

A testator gave a life estate to her daughter and directed that after her death the said property should go to "her lawful issue, share and share alike, and if my said daughter Emma Muell die without issue living, then the said property shall descend to her heirs."

*Held,* that the testator used the term "lawful issue" as synonymous with children.

In an action for partition by one of the two only children of the life tenant to whom she had conveyed her life estate, a child born to the plaintiff during the period intervening the filing of the *lis pendens* and the judgment is not a necessary party, because the life estate, which is the only estate involved in the partition suit, is in no way affected by the lawful issue of the life tenant.

---

* See 6 Paige, 189.—[REP.

. controversy upon an agreed statement of pursuant to section 1279 of the Code of Civil Procedure.

*Frederick S. Rauber* [*Edwin S. Lewis* with him on the brief], for the plaintiff.

*Isaac Ringel* [*Clarence S. Wright* with him on the brief], for the defendant.

JENKS, P. J.:

This is a submitted controversy over a title to realty. Emma Muell, the life tenant under Ilch's will, conveyed her life estate to her only two children, Emma Kley and Ida Muell. Kley brought a partition suit, and the plaintiff was the purchaser under the judgment therein. Pursuant to said judgment the proceeds of the sale were deposited with the city chamberlain, to be invested during the lifetime of Emma Muell or until the further order of the court.

The defendant made two objections to the title. The first rests upon the fact that Emma Kley bore a child during the period that intervened the filing of the *lis pendens* in the said partition suit on December 14, 1914, in the Queens county clerk's office, and the judgment therein. But the defendant in his printed points, submitted on argument, states that he has waived this objection upon the agreement that the plaintiff would obtain a deed from the said infant. The second objection is, because of the failure to make that infant a party to the partition action, the lawful issue of Emma Muell that may have been or may be born subsequent to the entry of the judgment in the partition action are not and will not be bound by said judgment.

The third provision of the will is as follows: "I give unto my daughter, Emma Muell, a life interest in the property now used as a bakery and barber shop on Thirteenth Street, College Point, aforesaid, and after her death I direct that the said property be given unto her lawful issue share and share alike, and if my said daughter Emma Muell die without issue living, then the said property shall descend to her heirs. I also direct that Emma Muell pay or give to Elizabeth Kraemer one thousand (1,000) dollars as a condition of this bequest." We

think that in this case the testator used the term "lawful issue" as synonymous with children, under the rule of *Palmer* v. *Horn* (84 N. Y. 516, 519). If the term "issue" be limited to children, then the provision "share and share alike" is equitable. If it include descendants, then it might produce inequality, *e. g.*, if but one of two daughters of Emma Muell should have a child. It would be more natural that, if he intended descendants, he would have made a provision as to a distribution *per stirpes.* He writes, not "issue," but "issue *living.*" Again, if "issue" was intended to include "heirs," why should he have written in duplication, "then the said property shall descend to her heirs?"

Emma Muell's life estate was in no way affected by her lawful issue then or thereafter. She conveyed that life estate only. And the partition suit affected that estate only. The proceeds of the sale are regarded as the life estate, and are held by the city chamberlain as the life estate. So far as the remaindermen are concerned, the proceeds are as much the subject of disposition according to the will as if the life estate, unconverted, had remained in the life tenant. We think that the objection should not be sustained. (See *Brevoort* v. *Brevoort,* 70 N. Y. 136; *Parish* v. *Parish,* 175 id. 186 *et seq.*) The plaintiff should have judgment for performance by the defendant upon the plaintiff's purchase of whatever interest the said child of Emma Muell Kley may have in the real property sold in the partition action, and upon conveyance of the same to the defendant in addition to what is called for in the said agreement of purchase, without costs, in accord with the terms of the submission and the waiver of the first objection.

THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Judgment for plaintiff in accordance with opinion, without costs.