In the Matter of the Estate of JOHN J. FRECH, Deceased.

Surrogate's Court, New York County, July 27, 1927.

Wills — construction — devise of remainder to children — will provided that if any child should die before life tenant his share should be given to his descendants — shares of deceased children must be distributed per stirpes.

The will of the testator devised certain property to his wife for life with the remainder over to his children share and share alike. It further provided that if any child should die before the life tenant its share should be given to the descendants of such child. The shares of the children dying before the life tenant must under the will be distributed *per stirpes*.

APPLICATION for compulsory accounting involving construction of will.

*Taylor, Blanc, Capron & Marsh* [*John B. Marsh* and *Edward M. Cameron, Jr.*, of counsel], for the petitioner.

*Levy & Fullerton*, for William T. Frech.

*Rowe & Walsh*, for Henry H. Frech.

[*C. B. Petchtle* of counsel.]

*Howard A. Butler*, special guardian.

Surrogate's Court, New York County, July, 1927.    [Vol. 130

O'BRIEN, S.    In this application for a compulsory accounting, a construction of decedent's will is sought.    In the latter, testator created a life estate in the residuum to his wife and directed that upon her death the principal should be divided among his children share and share alike.    He further provided that " if any child of mine shall have died, I give and devise to the descendants of such child or children the share the parent would have been entitled to receive if living at the date of the death of my wife." The testator was survived by seven children.    Three of these predeceased the widow.    One of the three died without issue. Another was survived by a son, Peter Hofsess, Jr., who is still living and has a daughter, Catherine Hofsess, a great grand-daughter of the testator.    The third was survived by a son, John J. Frech, 2d, who also predeceased the life tenant, and two daughters, Emma L. Mander and Grace Frech Murray.    Emma L. Mander is living and has a son, Albert E. Mander, Jr., a great grandson of the testator.    The question propounded is whether the share which any child of testator who died before the widow, Catherine Frech, would have received " if living at the date of the death of my wife " shall be distributed among " the descendants of such child " *per stirpes* or *per capita*.    I hold that the distribution should be *per stirpes*.    The intention of the testator that a stirpital distribution should be made is evidenced by his gift to the descendants of " the share the parent would have been entitled to receive if living at the date of the death of my wife."    (*N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93, 105; *Matter of Farmers' Loan & Trust Co.*, 213 id. 168, 174.)    The words " issue " and " descendants " are interchangeable terms.    (*Matter of Durant*, 231 N. Y. 41, 46; *Matter of Farmers' Loan & Trust Co., supra.*)    I hold that the trust should be divided into six shares, one for each of the four children who survived the life tenant and one for each of the two children who died during the life of the life tenant leaving issue surviving.    The one-sixth share to which John J. Frech, Jr., would have been entitled to if living should be distributed, one-half to Grace Frech Murray and one-half to Emma L. Mander. The share to which Maria A. Hofsess would have been entitled to if living should be paid to Peter Hofsess, Jr.

Submit decree on notice construing the will and settling the account accordingly.