In the Matter of the Estate of WILLIAM P. WOODCOCK, Deceased.

Surrogate's Court, New York County, November 3, 1930.

*Thompson, Koss & Warren*, for the petitioners.

*Frederick R. Crane*, special guardian.

*Henry H. Klein*, special guardian.

O'BRIEN, S. On this trustee's accounting two questions arise as to the proper distribution of the remainder of a trust created for Mortimer De Motte Woodcock.

1. Under the terms of testator's will he created a primary trust of the residue of his estate for the benefit of his wife during her life or until she remarried. Upon her death or remarriage the testator, in the 15th clause of his will directed his trustees to hold one-quarter of the residuary trust for the life of his son Mortimer De Motte Woodcock, and further provided: "upon his death I direct that the share so held in trust for him shall be equally divided among his issue if he leave any such issue; * * *." Mortimer De Motte Woodcock died on January 21, 1930, leaving him surviving a son, Harold P. Woodcock, who has three children, Tice B., Ann E. and Elizabeth P. Woodcock. There also survived Paul R. and Harold G. Brinckerhoff, the children of Marie E. Brinckerhoff, a deceased daughter of Mortimer De Motte Woodcock. The accounting trustee requests this court to determine whether the

distribution of the principal of the trust to the issue of Mortimer De Motte Woodcock shall be *per capita* or *per stirpes*. I hold that the distribution must be *per stirpes*, and that one-half of the principal should be paid to Harold P. Woodcock, and one-quarter each to Paul R. Brinckerhoff and Harold G. Brinckerhoff. (*Matter of Durant*, 231 N. Y. 41; *Matter of Union Trust Co.*, 170 App. Div. 176; affd., 219 N. Y. 537; *Matter of Farmers' Loan & Trust Co.*, 213 id. 168; *Matter of Lawrence*, 111 Misc. 524; *Matter of Pond*, 133 id. 242.)

2. Under the 18th paragraph of the will the testator provided: " If any of the beneficiaries under this my will shall be under the age of twenty-one years at the time they become entitled to a share of my estate, I direct my executors * * * to retain the share or shares of the one or ones so under age until they shall respectively attain the age of twenty-one years, and in the meanwhile apply the income to their support, education and maintenance." This language cannot be held to attempt to create further trusts. The shares of Paul R. Brinckerhoff and Harold G. Brinckerhoff vested in them on the death of Mortimer De Motte Woodcock. The testator bequeathed the remainders outright, but postponed enjoyment only where infant remaindermen were entitled to take. (*Warner* v. *Durant*, 76 N. Y. 133.)

Submit decree on notice accordingly.