In the Matter of the Accounting of BANK OF NEW YORK, as Trustee under the Will of MARY S. THOMAS, Deceased.

Surrogate's Court, Kings County, February 21, 1946.

*Emmet, Marvin & Martin* for petitioner.

*Edward A. Vosseler,* special guardian.

*Cullen & Dykman* for Jonathan T. Lanman, Jr., and others, respondents.

*John W. Frost* for Jonathan T. Lanman and others, as executors, respondents.

McGAREY, S. The petitioner seeks the settlement of its account as trustee and a construction of paragraph " Fourth " of the will of testatrix.

The special guardian for the three infant children of one of the surviving children of the deceased life tenant has filed objections, and the petitioner and other interested persons have moved to strike out such objections. The daughter and sole heir at law and next of kin of testatrix was the life income beneficiary of the trust which is sought to be construed in this proceeding.

If the special guardian's wards are entitled to a share of the remainder, the motion should be denied. If they are not so entitled, it should be granted. The answer to this question depends on whether or not testatrix intended a per stirpital or

a per capita division of the principal of the trust fund upon the death of her daughter.

She provided that upon her death, the remainder was to be held with further separate trusts for the benefit of the issue of her daughter her surviving, to be held until such issue respectively attained the age of twenty-five years. The paragraph under construction reads as follows: "FOURTH: I give and bequeath to The New York Life Insurance and Trust Company of the City of New York, the sum of One hundred thousand (100,000) Dollars, in trust, nevertheless, to invest, and from time to time, reinvest the same in such securities and in such manner, in this State or elsewhere as my daughter MARY LUDLOW LANMAN may elect, subject however to the approval of said New York Life Insurance and Trust Company, and to collect and receive the income thereof, and to pay the same over, as and when collected, less its proper, reasonable and lawful compensation and commissions to my said daughter MARY LUDLOW LANMAN in equal quarter yearly payments during the whole term of her natural life for her sole and separate use and benefit, and upon the death of my said daughter leaving lawful issue her surviving, I direct said Trust Company to divide said principal sum of one hundred thousand (100,000) Dollars into as many equal parts as shall correspond to the number of such issue, and to pay over the net income of each share thereof to each of such issue until he or she shall attain the age of twenty-five years, and upon attaining that age to pay over to each of such issue his or her said share of the said principal of said fund. If any one of such issue shall die before attaining the age of twenty-five years leaving lawful issue him or her surviving, then I direct that his or her share shall be paid over to his or her lawful issue in equal shares, share and share alike, but if he or she shall leave no lawful issue him or her surviving, then I direct that the share so held in trust for him or her shall be divided equally between the surviving lawful issue of my said daughter, share and share alike, and be added to his or her share of the said trust fund above mentioned; but if my said daughter shall die leaving no lawful issue her surviving, then I give and bequeath said trust fund to my then right heirs at law in such shares and proportions as by the present laws of the State of New York they would take and inherit real estate as to which I had died seized and intestate."

The will was executed March 3, 1914. Testatrix died October 1, 1917. Her daughter died February 4, 1945, leaving her surviving three children. Only one of her children had issue.

This child had three children living at the time of her mother's death.

The intention of a testator, where ascertainable, should govern in the construction of a will. The courts have recently held that such intention controls even though the words used by the testator have theretofore been given a contrary or different legal meaning by the courts (see *Matter of Wilson*, 269 App. Div. 665, affd. 294 N. Y. 903, which modified the decision of this court, *sub nom. In Re Wilson's Will*, 48 N. Y. S. 2d 835). This court agrees that the result reached by the appellate courts in *Matter of Wilson* (*supra*) accords with what was apparently the testator's intent but felt bound by the previous decisions theretofore construing the words used by the draftsman of the will in question. A similar situation, however, is not presented in this case because in the court's opinion the result here reached not only carries out the testatrix' intention, but also is in accord with legal precedent as to the meaning to be given to the words used by the testatrix.

The will, when read in the light of the circumstances surrounding testatrix at the time of its execution, discloses that her entire testamentary scheme was to provide for equality of distribution among the children of the life beneficiary and the issue of such of them as may have survived the life beneficiary but died prior to attaining age twenty-five, on a per stirpital rather than a per capita basis.

It sets forth a detailed and comprehensive plan for the enjoyment of the fund placed in trust primarily created for the benefit of testatrix' daughter, an only child. It first establishes an income for life from the whole fund for the benefit of the daughter. It then provides for the division of the principal " upon the death of my said daughter leaving lawful issue her surviving " into as many " equal " parts as shall correspond to the " number of such issue," to pay over the net income of each share to " each of such issue " until he or she shall attain age twenty-five years, and upon attaining that age, to pay over to " each of such issue " his or her share of the principal.

The remaining dispositive provisions disclose more than " a faint glimpse of a different intention " to overcome the presumption of a per capita distribution and show that a per stirpital distribution was intended. The subsequent language used by testatrix in providing for the contingencies arising in the event her daughter was survived by " lawful issue " who, however, might die prior to attaining age twenty-five years indicates to the satisfaction of the court that the words " lawful

issue " and " issue " were not intended by her to mean descendants generally, so as to include grandchildren, where the parent of such grandchildren was still living.

Testatrix undoubtedly contemplated the possibility of the death of one or more of the " lawful issue " surviving her daughter before attaining age twenty-five years " leaving lawful issue him or her surviving," and directed, in that event that his or her share " shall be paid over to his or her lawful issue *in equal shares, share and share alike,* but if he or she shall leave no lawful issue him or her surviving, then * * * the share so held in trust for him or her shall be divided *equally* between the surviving lawful issue of my said daughter, *share and share alike,* and be added to his or her share of the trust fund above mentioned * * *." The language of Judge FINCH, in *Central Hanover Bank & Trust Co.* v. *Pell* (268 N. Y. 354) is applicable to the situation herein presented. He said, " Here is evidence of a conscious purpose to maintain and preserve equality among the stocks " (p. 360), as the paragraph in question provides for the " equal enjoyment and ultimate distribution according to natural rights and in the natural order of succession " (p. 359). Further evidence of an intention of a per stirpital distribution is found in the contingent provision for the gift and bequest of the " trust fund above mentioned " in the event testatrix' daughter shall die " leaving no lawful issue her surviving " to " my *then* right heirs at law in such shares and proportions as by the present laws of the State of New York they would take and inherit real estate as to which I had died seized and intestate."

The application of every test heretofore prescribed by the courts to determine testamentary intention yields but one result; namely, that the testatrix herein intended a per stirpital distribution.

It appearing that the three surviving children of the life beneficiary attained age twenty-five years prior to her death, the remainder is distributable to them in equal shares, to the exclusion of any of their issue who are held to have no interest in the trust remainder and the will is construed accordingly. (*Rasquin* v. *Hamersley,* 152 App. Div. 522, 527, affd. 208 N. Y. 630; *Matter of Union Trust Co.,* 170 App. Div. 176, mod. *sub nom. Matter of Union Trust Co.* [*Detmold*], 219 N. Y. 537; *Brown* v. *Tanz,* 176 App. Div. 795; *Matter of Durant,* 231 N. Y. 41; *N. Y. Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93, 105; *Central Hanover Bank & Trust Co.* v. *Pell,* 268 N. Y. 354, 358, *supra; Matter of Burke,* 178 Misc. 684, and cases cited therein).

The court believes it appropriate, in passing, to comment on *Soper* v. *Brown* (136 N. Y. 244). This case has been invariably and correctly cited as establishing in this State the principle that where the word " issue " is used in a deed or a will and its meaning is not otherwise defined by the context, the issue take per capita and not per stirpes. That case did not involve the question of a per stirpital or a per capita distribution or division, nor was any determination made therein as to whether the distribution was intended to be per stirpes or per capita, although the court did hold that " issue " was not limited to " children ", but included remoter issue.

*Soper* v. *Brown* (*supra*) involved an action instituted by two grandchildren of Thomas Poole, who sought to eject the defendants from property, title to which they derived by conveyance from the grandchildren of one of Thomas Poole's deceased daughters. Thomas Poole died leaving him surviving five daughters. To one of them, the mother of the two plaintiffs, he gave a general legacy of $25,000. He then divided his farm into four parcels and gave them to his trustees upon separate trusts for the benefit of each of his remaining four daughters. The trust provisions were identical. He gave each of them a life estate in their respective parcels. Upon the death of each daughter, he gave the land devised for her life use and benefit in fee simple as tenants in common to her lawful issue, if more than one, share and share alike, and in default of issue " then to all of my grandchildren who may then be living, as tenants in common, his, her or their heirs or assigns forever."

The problem presented involved the trust for his daughter, Eliza, who had two children living at the time of his death. They, however, predeceased their mother, but left issue them surviving. Eliza's grandchildren conveyed the property to the defendants in the action. The plaintiffs claimed that inasmuch as Eliza's two children predeceased her, Eliza left no " issue " surviving her at her death, and the remainder went, " in default of issue ", to the testator's grandchildren as tenants in common, and did not descend to the issue of Eliza; namely, the issue of her children who survived testator, but who predeceased her.

The plaintiffs contended that the word " issue " used in the will in the gift of the remainder was limited to children, and that Eliza's children having predeceased her, the testator intended to provide for his grandchildren only, and on Eliza's death without children, to cut off any in the line of descent from such daughter who were not grandchildren of the testator.

Had the plaintiffs succeeded, the remainder of Eliza's share on her death would have been divided among her father's grandchildren per capita. The result of the decision, however, was to confirm a conveyance of the premises by Eliza's grandchildren, great-grandchildren of the testator. The Court of Appeals very properly held that Eliza's family took precedence over the other branches of the family as to that part of his property which he set aside for her family, preserving his plan for an equal division of his farm among the families of four of his daughters, which, for practical purposes, produced a per stirpital result.

The reasoning which prompted the result reached is apparent from the following statements contained in the opinion of the Court of Appeals (pp. 251-252): " * * * where there is a gift to a child for life and over on the death of such child in default of issue, it would be an unnatural construction which would exclude all but the immediate children of the first taker, in favor of the other branches of the family. The reasonable construction in such cases is that the gift over was intended to take effect only on the extinction of the line of descent from the first taker. * * * Even if the construction given may be doubtful, it is a settled rule that where a will is capable of two constructions, one of which would exclude the issue of a deceased child, and the other permit such issue to participate in a remainder limited upon a life estate given to the ancestor, the latter should be adopted. (*In re Brown*, 93 N. Y. 295, and and cases cited.) "

The Court of Appeals unanimously affirmed the General Term which, in unanimously affirming the result reached by the Trial Term (65 Hun 155, 158) very significantly stated: " We conclude, after a careful examination and consideration of the case, that the testator designed that the real property which he left in trust for each of his four daughters so that it should, at their death, respectively, go to their descendants.

" We have not examined the question in the light of authority, because its solution depends so much upon the intention of the testator in the use of the word that we can derive but little aid from adjudicated cases."

In view of the determination hereinabove made the motions to strike out the objections of the special guardian are granted.

Proceed accordingly.