In the Matter of the Will of HERMAN WELLBROCK, Deceased.

Surrogate's Court, Kings County, November 14, 1946.

162

*Wingate & Cullen* for National City Bank of New York, as substituted trustee, petitioner.

*Adelbert W. Bailey* for William C. Peyser, Jr., and others, respondents.

*Rogers & Condon* for Grace M. Schley and another, respondents.

*Warner Pyne* for Grace V. Schley and another, respondents.

*James T. Tynion,* special guardian for Richard W. Peyser and others, infants.

McGAREY, S. Construction of the will is requested to determine whether the remainder of the trust created for the benefit of the testator's daughter "Mena", which has terminated by her death, is distributable to her issue per stirpes or per capita.

Testator died in 1894, and by his will created a trust of his residuary with the income thereof payable to his widow during her life or until her remarriage. Upon the happening of either event he directed the division of the fund into two equal parts or shares, one share for each of his two daughters, Mena and Mary, respectively, to be continued in trust with the income payable to the daughter for whom the trust was erected during her lifetime. The disposition of the remainder of each trust is to the issue of such daughter, with provision for alternative distribution to the surviving daughter or her heirs in the event either should die leaving no issue.

The widow died in 1911, and thereafter the secondary trusts were set up, one for each of the daughters. The trust for the benefit of testator's daughter, Mary, terminated on her death in 1926, and by judgment of the Supreme Court, Kings County, the remainder thereof was directed to be paid to the two children of such life beneficiary. The latter's grandchildren were not made parties in that action. The trust herein

accounted for, terminated in 1944, on the death of Hermine (Mena) C. Peyser, the life beneficiary. She left surviving as her only descendants two sons and a daughter and three grandchildren, the children of her two sons, and the question for determination is whether the grandchildren share in the remainder of that trust.

The testator's general testamentary scheme indicates that a per stirpital rather than a per capita distribution was intended. The will provides for a division of the estate, after the widow's death, in equal parts, one for the benefit of each of his daughters, with remainder on her death to her issue, indicating clearly a dedication of equal parts of his estate to each branch of his family. Further indication that testator desired a per stirpital rather than a per capita division is found in the alternative provision for distribution to the surviving daughter or her heirs in the event either died without issue.

The court accordingly determines that the will of testator requires the distribution of the remainder of the trust to the issue of Hermine C. Peyser per stirpes and not per capita. The remainder is, therefore, presently payable in equal shares to the two sons and daughter of the life beneficiary to the exclusion of the children of the two sons (*Ferrer* v. *Pyne*, 81 N. Y. 281, 284–285; *Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168; *Matter of French*, 130 Misc. 283, 284; *N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Matter of Union Trust Co.*, 170 App. Div. 176, 183, mod. *sub nom. Matter of Union Trust Co.* [*Detmold*], 219 N. Y. 537; *Matter of Durant*, 231 N. Y. 41; *Matter of Lawrence*, 238 N. Y. 116; *Central Hanover Bank & Trust Co.* v. *Pell*, 268 N. Y. 354, 358; *Matter of Sherman*, N. Y. L. J., Dec. 23, 1942, p. 2022, col. 4, affd. 267 App. Div. 765).

In addition to the settlement of its account and request for a construction of the will affecting distribution of the remainder interest of Mena's trust, the trustee has requested the court to approve and ratify the distribution it made of the remainder interest of the trust for the benefit of testator's other daughter, Mary, under a judgment of the Supreme Court, Kings County, in 1926. All persons who might have any interest in remainder of the latter trust have been made parties in this proceeding.

This court denies the application to ratify and confirm such distribution, a relief which should be sought in the Supreme Court, in the action in which the judgment was rendered, on notice to the persons in interest who were not parties to that action.

Proceed accordingly.