In the Matter of the Accounting of NATIONAL CITY BANK OF NEW YORK, as Trustee, and CITY BANK·FARMERS TRUST COMPANY, as Successor Trustee, under the Deed of Trust Made by FRANK W. LIBBY, Deceased.

Supreme Court, Special Term, New York County, November 8, 1954.

*Harry Allen Leigh* and *Donald R. Lawrence* for trustee and successor trustee, petitioners.

*John F. White, Jr.*, guardian ad litem for Anne D. Munzer and another, infants, respondents.

GELLER, J. This accounting proceeding presents for determination the disputed construction of the dispositive provision of the deed of trust executed in the year 1929, which reads as follows: '' Upon the death of my said daughter or upon the death of my said wife if my said daughter shall not survive

her, to pay over the remaining principal to the descendants then living of my said daughter, or if none, to such persons as shall then constitute my said wife's heirs at law according to the New York laws governing the descent of real estate.''

The settlor was survived by his wife and only child, a daughter. The wife thereafter survived the daughter. Upon the death of the wife, there survived a granddaughter, child of the settlor's deceased daughter, and two great-grandchildren. The latter, who are infants, contend through their guardian ad litem that the above provision, in the eventuality here presented, contemplates a per capita distribution, while the petitioner-trustee argues that the language indicates a per stirpital distribution. Under a per capita distribution the infants would each share equally with their mother, while a per stirpital distribution would give the entire remainder to the mother to the exclusion of the infants.

The ancient common-law rule favored per capita distribution among descendants in all degrees where the gift or conveyance was to '' issue '' or '' descendants '' (*Soper* v. *Brown*, 136 N. Y. 244). The rule was evolved to serve the English preference for estates in fee tail; and modern courts, recognizing that it frequently does violence to the intention of the settlor or testator and results in hardship, have regarded it with growing distaste and applied it with increasing reluctance (see *Petry* v. *Petry*, 186 App. Div. 738, affd. *sub nom. Petry* v. *Langan*, 227 N. Y. 621). The following from the opinion in *Central Hanover Bank & Trust Co.* v. *Pell* (268 N. Y. 354) reflects the present status of the rule in this jurisdiction (p. 358) : '' The principles applicable are clear and have been many times reiterated. The word ' issue ' in its strict legal sense, for reasons largely historical, generally is construed to include all descendants, in all degrees. (*Petry* v. *Petry,* 186 App. Div. 738; affd. 227 N. Y. 621.) When the word ' issue,' therefore, is found in a formal legal document, with nothing in the text to modify it, it is entitled to its strict legal meaning. To this course the courts have felt constrained by authority. When, however, there is a slight indication of another meaning being intended, the courts readily deviate from this presumption of *per capita* distribution. In other words, a gift to issue will be distributed *per stirpes* whenever there is slight evidence that the author so desired, because that mode of distribution is often more equitable and works less hardship and inequalities. In *Matter of Farmers' Loan & Trust Co.* (213 N. Y. 168, 173) the court said: ' The presumption in this state favors a *per capita* distribution

(*Schmidt* v. *Jewett, supra; Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125), but the presumption yields to ' a very faint glimpse of a different intention.' (*Ferrer* v. *Pyne*, 81 N. Y. 281, 284; *Vincent* v. *Newhouse*, 83 N. Y. 505, 513; *Bisson* v. *West Shore R. R. Co., supra.*) "

In the instant case, an intention contrary to the presumption favoring per capita distribution, is glimpsed, albeit faintly, in the direction, to take effect in the event there were no descendants of the settlor's daughter " then living ", that distribution shall be made " to such persons as shall then constitute my said wife's heirs at law according to the New York laws governing the descent of real estate." The New York laws governing the descent of real estate, in 1929, when the trust deed was executed, as now, provided for stirpital distribution.

In *Matter of Loomis* (N. Y. L. J., June 30, 1945, p. 2477, col. 1) the clause in dispute was quite similar and provided: " ' Upon the death of my said daughter the principal of such trust estate shall by my said trustees be paid and delivered to the living lawful descendants of my said daughter or in default of such descendants to her next of kin '." Surrogate FOLEY there declared, upon the basis of that provision only: " The gift to the ' next of kin ' of the daughter in default of descendants is a clear indication of a distribution per stirpes. In respect of next of kin the decedent contemplated a distribution pursuant to our Statute of Distribution. Such a distribution under the statute would be based upon a stirpital basis. · To permit the grandchildren and a great-grandchild of the testator's daughter to share in the remainder on an equal basis with her only child would not only work inequality but would be opposed to the evident plan of distribution intended by the testator." (See, also, *Matter of Thomas*, 187 Misc. 45.)

The guardian ad litem herein refers to *Pross* v. *Anson* (58 N. Y. S. 2d 26), where the court held (p. 30): " The intention of the settlor in the use of the word ' descendant ' in the deed of trust is to be determined from the language used and the situation existing at the time of the execution of the instrument." Nothing has been offered in relation to the " situation existing at the time " save the obvious fact that the infants were not living at the time of the creation of the trust or at the time of the death of the settlor. No reason appears why a different distribution would be directed or intended to heirs at law of the wife than to descendants of the daughter and, therefore, it would seem that the settlor intended a per stirpital distribution in either case.

Stirpital distribution is also pointed to by section 47-a of the Decedent Estate Law. This statute, enacted in 1921, reversed the old common-law preference for per capita distribution. While section 47-a literally read, has application only to "issue" as found in wills, it is not without bearing on the present question. In *Farmers' Loan & Trust Co.* v. *Polk* (166 App. Div. 43, 48–49) the court saw "no reason why the rule applicable to the construction of words used in a will should not obtain in the construction of a deed of trust", and construed the limitation of the trust deed there involved by reference to various provisions of the Decedent Estate Law. The words "issue" and "descendants" ordinarily are treated as coextensive in their meanings and interchangeable. (*Matter of Clyde,* 64 N. Y. S. 2d 202, 204; *Matter of Frech,* 130 Misc. 283; *Matter of Finucane,* 193 Misc. 439; 2 Davids on New York Law of Wills, § 662, p. 1109.) *Matter of Walbridge* (192 Misc. 746) is to the contrary insofar as it regards section 47-a as applicable strictly to "issue" and not to limitations in favor of "descendants"; but I incline to the view of Professor Powell (3 Powell on Real Property, p. 187, n. 47), in criticizing the *Walbridge* case, that the broader application of the statute to embrace "descendants" is more in keeping with its spirit.

The motion is granted and the trust instrument is construed as herein provided.

The guardian ad litem is allowed $450.

Settle order, in accordance with this decision, on notice to the guardian ad litem.