Anthony P. Savarese, S.
In this probate proceeding a determination is sought as to the adequacy of the decedent’s provision for, or mention of, his after-born child to avoid the possible right of said child under section 26 of the Decedent Estate Law.
Decedent died on March 4, 1957, being survived by his wife and an infant born after the execution of the propounded paper. The second paragraph of this paper is a bequest of the residuary estate to decedent’s wife, the petitioner herein. By the third paragraph it is provided that, in the event of petitioner’s predecease, the residuary estate shall pass to decedent’s “ descendants.”
In McLean v. McLean (207 N. Y. 365), it was held that mention of an after-born child as a class and in terms broad enough to include a specific child was sufficient compliance with section 26. (See, also, Holbrook v. Holbrook, 193 App. Div. 286, affd. 230 N. Y. 600.) In these cases, the class deemed to include after-born children was designated by the term “ issue.” While no precedent is to be found on the sufficiency of a designation of the class “ descendants,” the court believes the above-cited cases to be controlling on this point. The terms “ issue ” and “ descendants ” are coextensive and interchangeable. (Matter of Libby, 206 Misc. 723; Matter of Holyland, 116 N. Y. S. 2d 628; 2 Davids on New York Law of Wills, p. 1109.)
Submit decree admitting the propounded paper to probate. Thereafter a supplemental decree should be submitted herein construing the will accordingly, on notice.