S. Samuel Di Falco, S.
In this trustee’s accounting a question is presented as to the disposition of the remainders of trusts created by Articles “First” and “Fourth B ” of the will. Article 6 ‘ First ’ ’ directed the trustee ‘ ‘ to receive the rents and profits thereof and pay them to my son Chase D. Findley during his life and upon his death to convey such part to his issue him surviving or in default thereof to my rig'ht heirs.” Article “ Fourth B ” directed the trustee to hold a share in the residuary real estate in trust “ to receive the rents and profits thereof and to pay them to my son Chase D. Findley during his life and upon his death to convey such part in fee simple absolute to his issue him surviving or in default thereof to my right heirs. ’ ’
Chase D. Findley, the income beneficiary, died on December 4, 1956 survived by nine children and no issue of any deceased child. He was also survived by seven grandchildren and an adopted child of his son William.
Section 47-a of the Decedent Estate Law which would require a stirpital distribution where as here the issue are in an unequal degree of consanguinity does not apply since the testatrix died on June 20, 1893 long before the effective date of that section, *759 April 30, 1921. The common-law presumption which is operative here requires a per capita distribution which presumption, however, yields to a faint glimpse of a contrary intention.
The special guardian for the grandchildren who are all infants, with an eye to their welfare, contends that there is no such “faint glimpse ”.
However, there are several dispositions in the will which provide the “ faint glimpse ” and require a stirpital distribution.
The remainders of these trusts were given in default of issue of the life beneficiary “ to my right heirs ”. Heirs are determined on a per stirpes basis and a child does not take as an heir with a living parent. This provision would indicate that the testatrix since she fixed the secondary class of remaindermen on a per stirpes basis, intended the primary class to take in the same manner. (Matter of Libby, 206 Misc. 723, citing Matter of Loomis, N. Y. L. J., June 30, 1945, p. 2477, col. 1.)
Testatrix provided equally for each of her three children in the various dispositions of the will in which they are mentioned and a per capita construction would destroy equality among those of equal degree of relationship. Such inequality was certainly not intended by the testatrix but to the contrary must be held sufficient to overcome the common-law presumption. (Matter of Durant, 231 N. Y. 41; Matter of Lawrence, 238 N. Y. 116; Matter of Bates, 124 N. Y. S. 2d 825.)
The court holds therefore that the remainders in question are distributable to the children of the income beneficiary to the exclusion of any of their children. The determination made by this decision makes academic the question of the right of the adopted child to share the remainder with the grandchildren of the income beneficiary.
Submit decree on notice settling the account accordingly.