S. Samuel Di Falco, S.
This is a proceeding brought to construe paragraph Thirteenth of the decedent’s will which reads as follows: “ thirteenth: I give and bequeath to,Power City Bank, of Niagara Falls, New York, the sum of Twenty-five Thousand Dollars ($25,000), in trust nevertheless, for the following uses and purposes: to pay the income thereof from the date of my death to my nephew, alva f. gluck, and upon the death of said alva f. gluck to pay the principal of said trust fund to his descendants then living, if any.”
The question to be determined is whether by the use of the word “descendants” the testator intended distribution to be made equally per capita among all the descendants of Alva F. Gluck in whatever degree of consanguinity or whether such distribution was to be made per stirpes to the descendants of Alva F. Gluck upon his death. The decedent herein died on May 11, 1928. Section 47-a of the Decedent Estate Law was enacted in 1921 and should be controlling of the question now before, the court. Prior to the enactment of the statute the common-law *565 doctrine favored the presumption, in cases such as the one at bar, that the testator intended to make an equal per capita distribution to descendants in all degrees. Due to the many inequities which resulted from the application of the common-law presumption our courts repeatedly held that this presumption would yield to “ a very faint glimpse of a different intention ”. (Ferrer v. Pyne, 81 N. Y. 281, 284; Vincent v. Newhouse, 83 N. Y. 505; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168; Matter of Good, 96 N. Y. S. 2d 798, affd. 278 App. Div. 806, affd. 304 N. Y. 110.)
The Legislature when it enacted section 47-a of the Decedent Estate law did so because of the criticism of the common-law doctrine implicit in the cases above cited and sought to destroy the presumption favoring per capita distributions.
The word “ descendants ” is coexistent and synonomous with the word “ issue ”. (Davids, New York Law of Wills, §§ 662, 674; Van Beuren v. Dash, 30 N. Y. 393.) It is the opinion of this court that the broadest interpretation should be given to the word “ issue ” as used in section 47-a of the Decedent Estate Law. Thus the word “ descendants ” when used by a testator should be given the same meaning and interpretation as the word “ issue ” and distribution should be made per stirpes pursuant to the provisions of section 47-a of the Decedent Estate Law. (Matter of Russell, 133 N. Y. S. 2d 52; Matter of Libby, 206 Misc. 723.) The court therefore holds that by the use of the word “ descendants ” it was the intention of the testator to make a per stirpes distribution to the “ descendants ” or “ issue ” of his nephew Alva F. Gluck upon the termination of the trust. (Matter of Good, 304 N. Y. 110.)
Submit decree construing the will accordingly.