James S. Brown,
Justice of the Supreme Court and Acting Surrogate. Construction of article “ seventh ” of the testator’s will is necessary to determine the manner of distribution of the remainder of the trust which has terminated.
The testator died April 13, 1902 leaving a will dated April 25, 1901 which was admitted to probate. By the terms of said article ‘ ‘ seventh ’ ’, testator provided that a stated sum of money be held in trust for one Leila N. Alden, with the income payable to her for life with remainder on her death to her descendants her surviving and in default of descendants to her sisters, Grace L. and Mabel W. Alden, and to the survivors of them, ‘ ‘ the descendants of either deceased sister * * * living at the time of her death, to take the share their parent would have taken if living. ’ ’
The testator having died some 19 years prior to the enactment of section 47-a of the Decedent Estate Law, common law would ordinarily be applied and the word “ descendants ” construed as requiring a per capita distribution (Matter of Libby, 206 Misc. 723 ; Matter of Russell, 133 N. Y. S. 2d 52). However, the common-law rule of per capita distribution yields in favor of a per .stirpital distribution if there be indicated “ a very faint *629 glimpse of a different intention” (Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354 ; Matter of Good, 304 N. Y. 110 ; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168). There appears the traditional ‘ ‘ faint glimpse ’ ’ in the disposition of the alternate gift to the sisters of Leila contained in the said article in the event Leila died without descendants. Such alternate gift is to the sisters or the survivor of them or to the descendants of such of them as may have died, such descendants “ to take the share their parent would have taken if living.” The distribution in such event would have been per stirpital and furnishes that faint glimpse of testator’s intention for a per stirpital distribution to Leila’s descendants.
The court holds that it was the testator’s intent to provide for a per stirpital distribution of the principal of the trust to the issue of Leila X. Alden.