S. Samuel Di Falco, S.
This is an application to construe the will. Under paragraph Fifth thereof the testatrix gave one half of all her bonds and mortgages and real property or the net proceeds thereof to her daughter Anna P. Livingston absolutely, and the other half in trust to pay the income thereof to her daughter Sarah L. Williams for life: “and upon her death leaving lawful issue of her, her surviving, if there be but one such issue, then surviving, to pay such net income semi-annually, or oftener, to such issue, until such issue arrives at the age of forty years, and to thereupon pay over and transfer to such issue the principal of such share, with all income not theretofore paid over; but if there shall be more than one such issue, surviving my said daughter Sarah, then and in that case, the principal of said one half share shall be divided unto as many equal sub-shares as there be such surviving issue, and the net income of one of such sub-shares shall be paid over to each of such issue, until he, or she, as the case may be, shall reach the age of forty years, and as fast as each one reaches the said age of forty years his or her sub-share shall be paid over and transferred to him or her absolutely. But if any such issue, so surviving my said daughter Sarah, shall die under said age of forty years, then the sub-share which the one so dying would have taken, if such one had attained that age, shall go at once and absolutely to such other or others of such issue as may then be living.”
The life beneficiary died June 19, 1959, terminating the trust. It has been stipulated that the testatrix was 74 years of age in 1909 when she executed the will and 76 when she died in 1911; that the life beneficiary was 38 at the time of the execution of the will; and that Dorothy L. Brewster is the only child born of the latter. She was born prior to testatrix’ death and has two children, William Brewster and Dorothy Edwards Brewster (now Hansell). The latter has three infant children. Said Dorothy L. Brewster, testatrix’ granddaughter, is now aged 53.
*43 The petitioner, a grandson, who would share as a distributee in the event of intestacy, nevertheless urges that the trust remainder is vested in the daughter of the life beneficiary, that the words “lawful issue ” in paragraph Fifth contemplated children but that at any rate testatrix intended a per stirpital distribution which would accomplish the same result.
The special guardian on behalf of the three great-great-grandchildren contends that the direction “ lawful issue ” embraces descendants and that his wards and the two great-grandchildren of testatrix share with the granddaughter upon a per capita distribution.
Since the will was executed prior to the enactment of section 47-a of the Decedent Estate Law, which provides for a per stirpital distribution unless contrary intent is expressed in the will, said section does not apply to the instant will. At common law the phrase “ issue ” or “ lawful issue ” was held to mean descendants and to imply a presumption of per capita distribution. (Soper v. Brown, 136 N. Y. 244.) The rule was often deplored (Petry v. Petry, 186 App. Div. 738, affd. 227 N. Y. 621; Matter of Union Trust Co., 170 App. Div. 176, mod. 219 N. Y. 537, affd. 220 N. Y. 657) and gradually the courts evolved the rule that such a presumption would yield to a faint glimpse of contrary intention of a per stirpital distribution (Ferrer v. Pyne, 81 N. Y. 281; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168; New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93) so that in time the rule was honored more in the breach than in the observance.
In fact, in conveniently finding the “ faint glimpse ” necessary to accomplish what they considered an equitable result many cases have gone further than merely holding that a per stirpital distribution was intended and have found directly that the word “ issue ” meant children rather than descendants. (Palmer v. Horn, 84 N. Y. 516; Drake v. Drake, 134 N. Y. 220; Brown v. Tanz, 176 App. Div. 795; Matter of Durant, 231 N. Y. 41; Matter of Cotheal, 121 Misc. 665; Matter of Bostwick, 189 Misc. 331.) In the instant case it would appear that there is more than a faint glimpse of a contrary intent and that in fact the testatrix intended the children of her daughter when she referred to “issue”. The will provides “and upon her death leaving lawful issue of her, her surviving, if there be but one such issue.” The words “ of her ” are greatly significant. The words “ her surviving if there be but one such issue ’ ’ by themselves would indicate the child of a daughter whom she knew to be in existence, but coupled with the words ‘ ‘ lawful issue of her ’ ’ must have *44 meant of her body and clearly referred to her one-and-a-half-year-old grandchild. The subsequent words ‘ ‘ but if there shall be more than one such issue surviving my said daughter ’ ’ obviously referred to other children of Sarah that might be born. In the actual event the grandchild reached the age of 40 about 11 years before her mother’s death. Other possible children would in the usual course have attained that age shortly before their mother’s death. It would appear that the testatrix was contemplating her daughter’s probable life span. As appears from the petition the youngest great-great-grandchild is now two years old. Aside from consideration of violation of the rule against perpetuities, it is inconceivable that the testatrix intended the final share to be paid to him over 85 years after her death.
In the event “ there shall be more than one such issue ”, the will provides for a division into equal subshares. It is significant that in the event of the death under 40 years of age of any ‘ ‘ such issue ” for whom a secondary trust was erected, the corpus would pass, not to his or her issue, but to ‘ ‘ such other or others of such issue as may then be living ”. The words “ other or others of such issue ” plainly refer to the one or ones who survived her daughter Sarah. Thus the corpus would not go to the descendants of a secondary beneficiary, but rather to the secondary beneficiaries of other trusts (if any). It is plain, therefore, that the testatrix did not intend to benefit descendants of every degree. Patently, when the testatrix used those words, she had in mind children of her daughter, and not descendants of every degree. It would be unreasonable to assume that the testatrix intended her known grandchild, in the absence of other children born to her daughter, to receive only a minor share of the trust remainder while great-grandchildren and great-great-grandchildren would receive the major portion. Such a result is clearly out of harmony with the plan as she has expressed it.
Considering the entire will and the language of paragraph Fifth thereof as a whole, the court holds that in using the words “ lawful issue ”, the testatrix clearly intended to mean children, and that Dorothy Williams Brewster, the only child of the life beneficiary, who survived her and has reached the age of 40, is entitled to the entire remainder of the trust.