Joseph A. Cox, S.
In this application for construction of the decedent’s will, interpretation is sought as to the meaning and *554 effect of the language used by the testator with respect to the disposition of the remainder of one of the secondary trusts under article V of his will. The decedent died on February 25, 1934 and under article V of his will he bequeathed his residuary estate in trust for the life of his wife Emma. Upon her death he directed that the trust be divided into four parts and held in further trust for the lives of each of his four children. The decedent’s wife Emma died on June 4, 1941, the trust for her benefit terminated, and the secondary trusts came into being. The language of the particular paragraph requiring construction reads as follows: ‘ ‘ That as to one of said two-tenths parts they pay the income therefrom to my daughter ida Goldman for and during her natural life. Upon the death of my said daughter ida, I direct my said Trustees to pay and distribute the principal of said two-tenths part of my residuary estate to the lineal descendants of my daughter, share and share alike. In the event that there should not be any surviving lineal descendants of my said daughter, then in that event, I direct my Trustees to pay said two-tenths part of my residuary estate to the brothers and sister of my said daughter ida and the lineal descendants of any deceased brother and/or sister share and share alike per stirpes and not per capita.”
The life beneficiary of this trust, Ida Coleman, is still alive and has 20 lineal descendants, to wit, 4 children and 14 grandchildren, who are the children of the life beneficiary’s 4 living children, and 2 grandchildren who are the issue of a deceased daughter of the life beneficiary. Notwithstanding the fact that the widow is still alive, circumstances have been shown which warrant disposition of the problem at this time.
The question to be determined is whether upon the death of the life beneficiary Ida Coleman, the trust will be divided into 20 parts and distributed equally among her lineal descendants regardless of degree of consanguinity or whether it will be divided per stirpes into five parts and distributed to the children of the life beneficiary and the grandchildren representing the life beneficiary’s deceased child.
As the decedent herein died after the enactment of section 47-a of the Decedent Estate Law the provisions of that section are controlling of the question now before the court.
The legislative enactment of section 47-a of the Decedent Estate Law in 1921 codified into statute the principle favoring a per stirpes distribution. It provides that “If a person * * * shall devise or bequeath any present or future interest * * * to the ‘ issue ’ of himself or another, such issue pball, if in equal degree of consanguinity to their common *555 ancestor take per capita, but if in unequal degree, per stirpes, unless a contrary intent is expressed in the will.”
Although the will refers to the word “ descendant ” and the statute to the word “ issue,” the word “ descendant ” is coexistent and synonymous with the word “ issue.” (Matter of Schoellkopf, 21 Misc 2d 564, 565.)
It must be noted that, in the very paragraph under construction, the testator, in providing for the disposition of the remainder in the event that his daughter should die without lineal descendants, directed that such remainder was to be distributed to his brothers and sister or their lineal descendants ‘ ‘ share and share alike per stirpes and not per capita.” It is quite obvious, therefore, that the decedent when he used the words “ share and share alike ” used the words to indicate his desire to have each family group share equally in the distribution, and did not intend children to share equally with their parents. Such intent once noted must be attributed also to the testator with respect to the distribution directed to the lineal descendants of his daughter. (Matter of Lawrence, 238 N. Y. 116; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168.)
The court, therefore, holds that the distribution to be made to the remaindermen upon the death of the decedent’s daughter, Ida Coleman, should be made to the family stocks or groups on a per stirpital basis.